Carroll,
May 3, 1938.

EDITH F. PERLEY *v.* MERRILL B. BAILEY *& a.*

*Herbert W. Rainie* and *James H. Sullivan* (of Massachusetts), (*Mr. Rainie* orally), for the plaintiff.

*Conrad E. Snow* (by brief and orally), for the defendants.

PAGE, J. Our statute of frauds reads: "No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing." P. L., c. 327, s. 1.

It will be observed that there is no expressed intention that the statute shall apply to any procedure other than an "action . . . upon a contract for the sale of land." This is not such an action. There is the further inquiry whether the legislature intended that the statute should operate upon anything except extra-judicial contracts. The case before us presents a procedural matter outside the field of contracts which the statute is designed to cover. Such a stipulation as we have here, made under the supervision of the court or of the court's representative, derives effect from the control of the court rather than from any virtue in the stipulation itself. *Wallace* v. *Wallace*, 74 N. H. 256, 259.

The entry of a decree or judgment upon a parol stipulation made by the parties or their counsel in open court has long been usually a matter of course. *In re West Devon Great Consols Mine*, 38 Ch. Div. 51; *Holt* v. *Jesse*, 3 Ch. Div. 177; *Wyness* v. *Crowley*, 198 N. E. Rep. 758; *Beliveau* v. *Company*, 68 N. H. 225. It is not the intention of the statute of frauds to affect such stipulations made in court and subject to the court's supervision and control.

Ample protection is afforded to the parties to such stipulations, wholly independent of the statute, upon general equitable principles.

The court may grant relief from a stipulation because of mistake or surprise (*In re West Devon Great Consols Mine, supra*), or fraud (*Daniell, Chancery Practice*, (6th Am. *ed.*) 973, and see *Beliveau* v. *Company, supra*). Such relief is a matter within the discretion of the trial judge, and the exercise of discretion will not be disturbed unless abused. *Garretson* v. *Altomari*, 190 Ia. 1194.

The trial judge has denied the plaintiff's motion. There is no suggestion of abuse of discretion. There was no surprise or mistake; the plaintiff admits the correctness of the stipulation reported by the master. The finding that the parties "were induced" to make the stipulation is not evidence that fraud or undue influence was exercised by the defendants on the plaintiff. We do not understand that the plaintiff seriously suggests that she was moved by any improper inducement whatever.

*Decree affirmed.*

All concurred.