HENNESSEY *v.* WILSON, et al.

No. 39782 November 14, 1955 83 So.2d 176

*Teller & Biedenharn,* Vicksburg, for appellant.

*John B. Gee*, Vicksburg, for appellees.

368

APPELLANT IN REPLY.

ARRINGTON, J.

On August 4, 1953, in consideration of $500, appellees, owners of a tract of land, granted appellant a 90-day option to purchase the land for $30,000. Mississippi Power and Light Company filed its petition in eminent

domain to condemn a one hundred foot strip through the land for a power line right of way. Appellees, as owners of the land, and appellant, holder of the then unexpired option, were made parties defendant. Before trial of the eminent domain suit, appellant's option expired. The court declined to allow the power company to dismiss the suit as to the appellant, after which the power company took a non-suit as to the appellant. Thereafter, at the instance of appellant and appellees, the court permitted appellant to intervene. The appellant and appellees were represented by the same attorney in the eminent domain proceedings, and an agreed jury verdict and judgment was entered for $6,000, and the Mississippi Power and Light Company paid this amount into the registry of the court to be disbursed to the defendants, according to the court's order, ''in the proportion and amount due each respectively as their interest, if any, may appear.''

The issue here involves the division of the $6,000 between appellees and appellant and arose in the county court when appellees petitioned the court to disburse the entire amount to them on the ground that appellant's option had expired and his rights and interest in the land, if any, had terminated. The county judge entered an order dividing the money—$4750 to appellees and $1250 to appellant. On appeal to the circuit court, the county court was reversed and the whole amount of $6,000 was awarded to appellees.

On the petition for disbursement of the funds, there was only one proper issue before the county court: What was the respective interests of appellees and appellant in the land through which the right of way was condemned?

■■ Appellant's option had expired when the agreed order for $6,000 damages was entered. After the option expired, appellant had no interest whatever in the land. He had nothing that the power company could take and no interest that could be damaged. Since the county court could award appellant a part of the $6,000 only on the

basis of the interest of the appellant in the land, it was error to award him any part of the funds when he had no interest in the land. Miss. State Highway Commission v. West, 181 Miss. 206, 179 So. 279. The only way the option could be renewed as an enforcable obligation would be by the execution of a new writing, signed by the party to be bound. Nason v. Morrissey, 218 Miss. 601, 60 So. 2d 506.

 Appellant offered proof of an oral contract with appellees for division of the award in the eminent domain suit. Just when such contract was made, whether before or after the expiration of the option, is not clear; but it may be conceded, but not decided, that the evidence was sufficient to justify a finding of fact by the county court that such contract was made. Several questions arise as to the validity and binding effect of such contract, which we deem unnecessary to consider. We are of the opinion that any issue involving an agreement between appellant and appellees not vesting in appellant an interest in the land was beyond the scope of any legitimate issue arising on the petition for a disbursement of the funds paid into the registry of the court in the eminent domain suit.

 Any agreement involving an interest in the land would not be binding unless in writing under the statute of frauds. If there had been a written assignment over a part of the fund, we would have a different case.

We are of the opinion that the judgment of the circuit court in reversing the judgment of the county court and directing the payment of the $6,000 to the Wilsons was correct, and should be and is hereby affirmed.

Affirmed.

*Lee, Kyle, Ethridge* and *Gillespie,* JJ., Concur.