Carl F. SHELTRA et al.

v.

Clement B. AUGER et al.

Supreme Judicial Court of Maine.

Aug. 3, 1977.

Thomas M. Mangan, Lewiston, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, and GODFREY, JJ.

PER CURIAM.

Appellants in this action were the County Commissioners of York County. In that capacity, they dismissed clerks previously hired by the County Treasurer (appellee).[1] Upon an action brought seeking declaratory and injunctive relief, the Superior Court held that "the action of the Board of County Commissioners of November 5, 1975, purporting to discharge Doris G. Camire and Celina A. Camire from the clerical positions in the York County Treasurer's office is null, void, and of no legal effect." It is from this decision that the appellants filed their timely appeal.

We deny the appeal.

We adopt the decision and order of Justice Harry P. Glassman, Superior Court, as the opinion of this court. The decision and order, in part, is as follows:

"There is no dispute as to the facts which are here involved, and the only legal issue presented to the court for determination is whether the clerks in the Treasurer's office are to be hired by the Treasurer or the County Commissioners? There seem to be two statutes which bear

1. See P.L. 1975, c. 727, effective April 6, 1976.

directly upon the issue which has been presented to the court for decision. 30 M.R.S.A. § 2, after enumerating the salaries to be paid various county officials within the respective counties within this state, including the County Treasurer, provides: 'County Commissioners shall allow to said officers . . . all office expense, clerk hire and travel which are necessary, just and proper to the performance of their official duties." 30 M.R.S.A. § 801 provides: 'In all county offices there shall be allowed for clerk hire the amount authorized by the County Commissioners of the various counties.'

■ "It is the contention of the Defendants that the words 'clerk hire' connote the right to select and employ clerks. This interpretation must be rejected. The plain meaning of 30 M.R.S.A. § 2 under standard rules of statutory construction is that the words 'clerk hire' refer to the wages to be paid clerks. The other items enumerated in the sentence of Section 2 quoted above are expense items, i. e. office expense and travel, and there is nothing in that section which either suggests or even implies that the County Commissioners shall have the authority to select the persons who shall be employed as clerks in the Treasurer's office or in any other department of the county government other than their own. Similarly, the language in Section 801 of Title 30 clearly indicates that the Legislature had reference to the wages to be paid clerks. The language of §§ 2 and 801 of Title 30 obligate the Commissioners to budget for necessary clerical positions in the Treasurer's office. This they have done.

■ "This construction of the statute is completely consistent with the entire statutory framework establishing county government within this state and with prior decisions of the Law Court. There is no question that it is the duty of the County Commissioners to determine in advance, so far as practicable, the financial requirements of the various departments of the county, to provide the necessary funds and to control expenditures. *Detective Agency v. Inhabitants of Sagadahoc,* 137 Me. 233, 237–238 [18 A.2d 308] (1941). It is specifically provided by statute that the County Commissioners are to prepare estimates 'so as to authorize appropriations to be made to each department or agency of the county government . . .' 30 M.R.S.A. § 252. No where in the statutes is there any suggestion that the County Commissioners have the power to select the individuals who shall perform clerical duties within the various offices of the county government.

■ "Specifically, with regard to the Treasurer it must be noted that the Treasurer is an elected official. 30 M.R.S.A. § 601. The Treasurer has important duties and responsibilities relative to the financial affairs of the county. See 30 M.R.S.A. §§ 701–703 and 751–756. As a popularly elected official charged with responsibilities of such importance, sound government requires that the Treasurer be permitted to select the clerical personnel who shall, under his supervision, assist him in the performance of his duties.

"We are not here faced with a situation in which no clerical positions have been budgeted for the Treasurer's office. Quite the contrary, positions have been budgeted in the legislatively approved county budget. The only issue before this court is who shall have the power to hire and fire the persons to fill the clerical positions which have been established.

"It is ADJUDGED and DECREED that Carl F. Sheltra, Treasurer of York County, has the power to hire and fire clerks in the Treasurer's office in order to fill those positions established for that office in the county budget.

"It is further ADJUDGED and DECREED that the action of the Board of County Commissioners of November 5, 1975, purporting to discharge Doris G. Camire and Celina A. Camire from the clerical positions in the York County Treasurer's office is null, void, and of no legal effect."

The entry must be:

Appeal denied.

All Justices Concurring.