**Frances RUSH**

v.

**COUNTY OF AROOSTOOK.**

Supreme Judicial Court of Maine.

Argued May 5, 1982.

Decided July 12, 1982.

Jordan & Goodridge, Donald H. Goodridge (orally), Houlton, for plaintiff.

John D. McElwee, Dist. Atty., Brian E. Swales, Asst. Dist. Atty. (orally), Caribou, for defendant.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Plaintiff, Frances Rush, appeals from the entry of judgment for the Defendant, the County of Aroostook, by the Superior Court, Aroostook County, in this action brought under M.R.Civ.P. 80B.

We deny the appeal.

The Plaintiff alleged that she had been wrongfully discharged from her employment as a bookkeeper in the office of the Aroostook County treasurer on February 2, 1979. She apparently filed a formal grievance as a result of this incident and requested a hearing under the Aroostook County Affirmative Action Plan before the County Advisory Board.[1] The Plan had been adopted by the county commissioners to take effect on January 1, 1979; its stated purpose is to avoid discriminatory practices against employees and to provide equal employment opportunity.

---

1. The County Advisory Board was established to carry out the objectives of the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4632 (1979 and Supp.1981), which include the prevention of "discrimination in employment ... on account of race, color, sex, physical or mental handicap, religion, ancestry or national origin and in employment, discrimination on account of age." *Id.* § 4552.

The Plaintiff maintained that her dismissal violated the Plan because she had not been given a formal written reprimand or notice of her termination, because she had not been allowed to continue in her position until the grievance procedure had been completed, and because the county commissioners had not approved the termination. Following a hearing on March 30, 1979, the Advisory Board apparently held that the Plaintiff had left her job voluntarily, and that the Plan thus did not apply. The Plaintiff then brought this action. The parties agreed that the only issues for determination were whether the Plaintiff had been dismissed and, if so, whether that dismissal violated the Plan.[2]

The trial court found that the Plaintiff had been dismissed and that discharging employees in his office was within the power of the county treasurer. *See Sheltra v. Auger*, Me., 376 A.2d 463 (1977). It also found that the Plaintiff had failed to allege or to prove any discrimination, which was the purpose of the Plan, and that therefore the Plan did not apply to the Plaintiff's dismissal.

Significantly, the parties failed to make either the grievance filed by the Plaintiff or the written decision of the Advisory Board a part of the record in this case.[3] The trial court treated this case as giving rise to a question of law: whether the Advisory Board, established to deal with claims of discrimination, had any jurisdiction to review the Plaintiff's dismissal. After reviewing the sparse evidentiary record made by the Plaintiff, we cannot say that the Superior Court erred in concluding that the Board did not have such jurisdiction. Under the procedural approach chosen by the Plaintiff, that finding is dispositive of her appeal.

This discharged bookkeeper contends that the Superior Court "exceeded its function" in deciding this case on the basis of an issue not directly raised by the parties. However, by bringing this action under M.R. Civ.P. 80B[4], the Plaintiff was seeking review of the action of the Advisory Board. Whether the Board had any occasion to undertake that action in the first place is

2. Prior to the opening of the Superior Court hearing counsel informed the Court in chambers that they contemplated a hearing of "the case, de novo, by stipulation." They perhaps had in mind the type of trial contemplated by M.R.Civ.P. 80B(d) as that rule was modified three months earlier. Counsel neglected, however, to either move for such a trial or to make a showing that this discharged bookkeeper was entitled at this stage to a trial of the facts.

While their neglect may have no bearing on the outcome here, parties entitled to a trial of the facts neglect to seasonably serve and file this motion at the peril of being adjudged to have waived their right to such a trial under the express language of M.R.Civ.P. 80B(d).

Litigants are further cautioned that there are limits to what may be effectively done by stipulation. While they may stipulate as to facts, they cannot change the law which is to be applied to those facts. *Erskine v. Klein*, 218 Ga. 112, 116, 126 S.E.2d 755, 758 (1962). Nor can they by stipulation confer jurisdiction on a court where none exists. It is one thing for the parties to bring a case forward on a summarized statement of the evidence; it is quite another thing to stipulate to the bringing of an appeal on mere fragments of the evidence without the approval of the trial court. *Gordon v. Guernsey*, 316 Mass. 106, 108, 55 N.E.2d 27, 28 (1944).

A stipulation between litigants made under supervision of the court "derives effect from the control of the court rather than from any virtue in the stipulation itself." *Perley v. Bailey*, 89 N.H. 359, 360, 199 A. 570, 571 (1938). Accordingly, litigants should do more than simply file their writing with the clerk. The stipulations should be presented to the trial court either at the pre-trial conference or at some other point where there is an opportunity for the trial court to consider the relevance of the stipulated facts and, if found relevant, to test them by M.R. Evid. 403.

3. Counsel are reminded that items which are not made part of the record during the Superior Court proceeding should not be included in the appendix to the briefs on appeal, M.R.Civ.P. 74C, and may not be considered on appeal.

4. M.R.Civ.P. 80B provides in pertinent part:

When review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, proceedings for such review shall, except as otherwise provided by statute, be governed by these Rules of Civil Procedure as modified by this rule.

thus an essential question for judicial review. In addition, the relief which she was seeking—reinstatement in her position—would only be available, by the terms of her complaint, if the Plan had been violated. If the Plan did not apply to the event of which the Plaintiff complains, it could not have been violated. The trial court therefore correctly chose to address the question of law which must be resolved before the questions which the discharged bookkeeper chose to argue may be addressed.

Neither of the sections of the Plan cited by the Plaintiff as the basis for her claim applies by its terms to dismissal of employees. The section entitled "Grievance Procedure" is directed toward "final resolution of the particular grievance, appeal of a position classification, adverse evaluation, or a disciplinary action." The section entitled "Evaluations and Disciplinary Actions" requires a formal written reprimand for "inefficiency, incapacity, insubordination, misconduct or informal conduct, intoxication, offenses against the law, or similar just cause." None of these situations arises from the facts of this case as the Plaintiff has presented them.

In any event, the Plaintiff presented no evidence of her own compliance with the grievance procedures established by the Plan. Nor does her complaint even allege discrimination of any kind whatsoever. Under these circumstances, the Superior Court did not err in concluding that the Plan did not apply to the Plaintiff's claim. The Advisory Board, established by the Plan to deal with claims arising under the Plan, therefore could not give the Plaintiff the relief which she sought from it. Upon the record presented, there is no error.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.