**Ruby Ann CALLOWAY, Appellant,**

v.

**Gerry Dennis CALLOWAY, Appellee.**

Court of Appeals of Kentucky.

April 11, 1986.

Kent Overton Sublett, Bardstown, for appellant.

Stuart McCloy, Elizabethtown, for appellee.

Before GUDGEL, MILLER and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from a decree of dissolution entered by the Hardin Circuit Court. Appellant contends that the court erred (1) by enforcing an oral settlement agreement as to several contested issues in the proceeding, (2) by denying her claim for maintenance, and (3) by abusing its discretion in fixing appellee's visitation rights. We disagree with all of appellant's contentions. Hence, we affirm.

Appellant filed a petition for dissolution against appellee in 1981. She asserted claims for custody, reasonable child support and maintenance, a just division of marital property, and attorneys' fees and costs. Appellee filed a response to the petition. He admitted that appellant should be awarded permanent custody of their child but contested all of her other claims for relief. Further, he asked the court to award him reasonable visitation rights. On August 16, 1983, following the taking of proof by deposition, the court entered a decree of divorce but reserved all remaining issues for future adjudication.

Proof by depositions as to the contested issues was scheduled to be taken January 11, 1985. After the parties appeared and were sworn to testify by the court reporter, appellee's counsel made the following statement on the record:

MR. McCLOY: Let the record reflect that we're here pursuant to a scheduled deposition and parties have now reached an agreement and parties and their attorneys are present. And, we are going to dictate this agreement into the record and we'll consider it to be in force and effect as of today and we intend to reduce it to writing, but this will be the agreement of the parties.

Counsel then proceeded to dictate to the court reporter an eleven paragraph settlement agreement which effectively resolved all of the contested issues between the parties except appellant's claim for maintenance. After counsel finished dictating the agreement, the following colloquy occurred:

Okay. Both of you have heard the agreement as dictated, Mr. Calloway do you agree that those are the terms of the contract of settlement:

GERRY CALLOWAY: Yes I do.

MR. McCLOY: And do you agree to them?

GERRY CALLOWAY: Yes.

MR. McCLOY: Mrs. Calloway?

RUBY CALLOWAY: Yes.

MR. McCLOY: That's all.

The court reporter filed a transcript of the January 11 deposition proceeding with the clerk on January 25, 1985. Thereafter, a written agreement conforming to the oral agreement was drafted, but appellant refused to sign it. In a well-written opinion, the trial court found (1) that the oral settlement agreement was enforceable, (2) that it was not unconscionable, and (3) that the parties were bound by it. Thereafter, the court denied appellant's claim for maintenance and entered a final decree. This appeal followed.

■ First, appellant makes a two-pronged argument that the trial court erred by enforcing the oral settlement agreement dictated to the court reporter. She contends that the agreement violates the requirement of KRS 403.180 that property settlement agreements be "written." Alternatively, she argues that, even if the agreement does not violate KRS 403.180, it is unenforceable under the statute of frauds (KRS 371.010) since it affects title to real estate but is not in writing and signed by the parties to be charged. We disagree with both of appellant's arguments.

The trial court relied on *Peirick v. Peirick*, 641 S.W.2d 195 (Mo.App.1982) and *In Re Marriage of Chambers*, Colo.App., 657 P.2d 458 (1982), which both involve statutes identical to KRS 403.180, in finding that an oral agreement which is dictated to a court reporter at a scheduled deposition, subsequently transcribed, and then in its transcribed form made a part of the clerk's record, satisfies the requirement of KRS 403.180 that property settlement agreements be "written." We fully agree with this proposition and with the rationale of the courts which have adopted it.

KRS 403.180 merely states that parties "may enter into a written" agreement. The language of the statute does not, however, undertake to describe a permissible or acceptable form for such agreements. That being so, we fail to perceive that an oral agreement dictated to a court reporter, which is then subsequently transcribed and made a part of the clerk's record, does not satisfy the requirement of KRS 403.180 that the agreement be "written." As noted by the Missouri court in *Peirick, supra* at 196, quoting *Hansen v. Ryan*, 186 S.W.2d 595, 600 (Mo.1945):

> In the administration of justice and the prompt dispatch of business, courts must and do act upon the statements of counsel and upon the stipulations of parties to pending causes. Where the parties have voluntarily entered into a stipulation, which appears fair and reasonable for the compromise and settlement of the issues of a pending cause, and where the stipulation is spread upon the record with the consent and approval of the court, as here, the parties are bound thereby and the court may, thereafter, properly proceed to dispose of the case upon the basis of the pleadings, the stipulation and admitted facts.

Further, contrary to appellant's suggestion, we find no basis for making a distinction in this case merely because the agreement happened to be dictated to a court reporter rather than stated in the presence of the judge, especially since there is no allegation of fraud or mistake in connection with the court reporter's transcription of the agreement.

■ Likewise, we are unimpressed by appellant's argument that enforcement of the agreement is barred by the statute of frauds. True enough, an agreement to exchange title to real estate, such as the parties entered in the instant action, must ordinarily be in writing and be signed by both parties in order to be enforceable. *Sampson v. Cottongim*, 249 Ky. 670, 61 S.W.2d 309 (1933). It does not necessarily follow, however, that the agreement in this case is unenforceable.

The statute of frauds does not invalidate oral contracts per se, but merely renders certain specified types of oral contracts unenforceable. *See Bennett v. Horton*, Ky., 592 S.W.2d 460 (1980). However, the authorities recognize that there may be a valid estoppel basis, in some cases, for excepting a questioned transaction from the statute's application. *See* 37 C.J.S. *Frauds, Statute Of* § 246 (1943). We agree with the trial court that this is such a case.

The general rule is set forth in 31 C.J.S. *Estoppel* § 120 (1964) as follows:

> In the absence of fraud or mistake, parties to stipulations and agreements entered into in the course of judicial proceedings are ordinarily estopped to take positions inconsistent therewith.

Moreover, at least one court has relied on an estoppel theory to enforce an oral agreement to convey real property, made in open court in a pending divorce action, where one party subsequently refused to comply with his promise on the ground that it was unenforceable under the statute of frauds. *Carlsen v. Carlsen*, 49 N.J.Super. 130, 139 A.2d 309 (1959). In rejecting that defense, the New Jersey court said:

> Bearing in mind the intentions and restrictions of the statute of frauds, we consider its application to the specific admitted facts before us. An agreement was arrived at and stated in open court; each party and his and her respective attorney agreed to and understood the terms of the agreement and the stipula-

tions were taken down stenographically. The whole proceeding was under the guidance and supervision of the court and clearly the mischiefs anticipated by the statute of frauds could not enter this case....

....

We cannot overlook the importance of stipulations between litigants and the promotion of expeditious and complete justice by their enforcement provided no harsh or unfair contract results. In *Perley v. Bailey*, 89 N.H. 359, 199 A. 570, 571 (Sup.Ct.1938), we find:

"The entry of a decree or judgment upon a parol stipulation made by the parties or their counsel in open court has long been usually a matter of course. [Citations omitted] It is not the intention of the statute of frauds to affect such stipulations made in court and subject to the court's supervision and control."

Since stipulations in court made by attorneys when acting within the scope of their authority are enforceable against their clients certainly, stipulations by attorneys and their clients before the court and in the record must, *a fortiori*, be enforceable. The least that can be said in this regard is that the intent of the statute of frauds is not forsaken in view of the fact that the proof of the existence of the contract is a matter of court record and is not disputed. We feel that defendant is now estopped by his actions from setting up the special defense....

....

In this case no possibility exists of establishing fraud by "perjury and subornation of perjury." The statute should not be permitted to operate as a bar to the performance of appellant's contractual obligation.

*Id.* 139 A.2d at 312–314.

The only distinction between the case at bar and the *Carlsen* case is that the oral agreement in the instant case was entered into during the course of a deposition proceeding, rather than in open court. We fail to perceive, however, that this difference is of any significance, or that it somehow creates a risk that the intent and purposes of the statute of frauds will be undermined if appellant is required to abide by her agreement. Accordingly, we hold, in light of the peculiar circumstances of this case, that appellant is estopped to rely on the statute of frauds as a defense to the enforcement of the parties' property settlement agreement. It follows, therefore, that the court did not err by finding that the agreement should be enforced.

Next, appellant argues that the court erred by failing to award maintenance to her. We disagree. The court found that appellant does not satisfy the statutory prerequisites for an award of maintenance. KRS 403.200. This finding is amply supported by the record. As the court's finding denying maintenance is not clearly erroneous, it may not be disturbed. CR 52.01.

Finally, appellant argues that the court was guilty of an abuse of discretion in fixing visitation rights. However, the court fixed appellee's visitation rights in accordance with the parties' settlement agreement. If appellant is dissatisfied with her agreement as to visitation rights, her exclusive remedy is to file a motion to modify that portion of the court's decree. We decline to permit her to litigate that issue on appeal.

The court's decree, entered October 4, 1985, is affirmed in all respects.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.