Cecil Ray SCARBROUGH and
Elizabeth K. Scarbrough,
Plaintiff,

v.

Wilmer L. LONG and Juanita May
F. Long, Defendants.

No. Civ.A. 2:99cv368PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Sept. 7, 2000.

Mary K. Blackwell, Hamilton & Linder, Meridian, MS, M. Marcia Smalley, M. Marcia Smalley, Attorney, Hattiesburg, MS, Lee E. Young, Charles J. Mikhail, Sidney A. Backstrom, Scruggs, Millette, Bozeman & Dent, P.A., Pascagoula, MS, Scott O. Nelson, Robin Reid Boswell, Nelson & Boswell, Pascagoula, MS, for Cecil Ray Scarbrough, plaintiff.

J. Price Coleman, E.E. Laird, III, Silas W. McCharen, Arthur S. Johnston, III, Daniel, Coker, Horton & Bell,. Jackson, MS, for Wilmer L. Long, defendant.

### MEMORANDUM OPINION AND ORDER ENFORCING SETTLEMENT

PICKERING, District Judge.

This matter is before the Court on Motion to re-open this case and to enforce the settlement agreement entered into between the parties on March 16, 2000, which settlement agreement was dictated into the record in the presence of the presiding Magistrate Judge.

The plaintiffs originally filed this action in the Chancery Court of Covington County, Mississippi, on November 18, 1999, seeking recission of a contract for the purchase and sale of real estate located in

Covington County, Mississippi, and for damages. The defendants timely removed the case to this court. On March 15, 2000, this Court conducted a case management conference in this matter. Throughout the afternoon of March 15, 2000, and continuing into the day of March 16, 2000, the parties conducted extensive settlement negotiations with the help and assistance of the District Judge and Magistrate Judge Guirola. The District Judge was unavailable on March 16 and settlement negotiations continued between the parties with the help and assistance of the Magistrate Judge.

Ultimately, on March 16, 2000, with the assistance of Judge Guirola, the parties reached a compromise and settlement of any and all matters in dispute between the parties. That agreement was memorialized by dictation into the record before Judge Guirola, in the presence of all parties and their counsel, and was agreed to by all parties and their counsel. All documents, including the execution of a deed reconveying the property back from Plaintiffs to Defendants, were to be executed by April 28, 2000. The Court would note that when this agreement was reached, both sides were represented by competent and able counsel from highly respected firms that have handled complex and significant cases before this Court on other occasions.

Based upon the March 16 settlement agreement between the parties which was dictated into and acknowledged on the record, this Court on March 29, 2000, entered its Judgment of Dismissal dismissing this action with prejudice. The Court retained jurisdiction to enforce the settlement agreement.

Thereafter on or about April 7, 2000, plaintiffs' counsel indicated that their clients were requesting their dismissal and that Plaintiffs were indicating they would not consummate the settlement. On or about April 18, 2000, the defendants timely moved to re-open this case and enforce the settlement agreement.

This Court conducted a hearing on April 28, 2000, and gave the plaintiffs additional time until June 6, 2000, to secure new counsel and to respond to the defendants' Motion to Re-Open. On June 6 the Court again conducted a hearing. Plaintiffs were represented by new counsel who for the first time argued that the settlement agreement was not enforceable because it was not in writing and thus in conflict with the statute of frauds. The Court requested briefs on the question of whether the settlement was void because in conflict with the statute of frauds. These briefs having been submitted to the Court, this matter is now ripe for decision.

This Court is presented with the sole question of whether a settlement agreement, dictated into the record in the presence of a presiding judge, and agreed to on the record by all parties and their attorneys is enforceable even though it requires the execution of a deed to real property? Stated conversely, is such a settlement agreement dictated into the record in the presence of a judge not enforceable because it conflicts with the statute of frauds? The parties have cited no Mississippi case deciding this exact question and this Court has found none. Consequently, this is a case of first impression. This Court will make an *Erie* guess as to what the Mississippi Supreme Court would do if confronted with this precise question.

■ This Court concludes that under Mississippi law a settlement agreement, dictated into the record in the presence of a presiding judge, and agreed to on the record by all the parties and their attorneys, when a precise description of the property involved is in the record, even when such agreement requires the execution of a deed to real property, is enforceable and is not in conflict with the statute of frauds. The Court will now address the authorities relied upon by the parties and other authorities which the Court has reviewed in arriving at its decision as to what the Mississippi Supreme Court would do if presented with this question.

The Plaintiff relies primarily on the case of *Hennessey v. Wilson*, 225 Miss. 366, 83 So.2d 176 (Miss.1955). That case however does not answer the question now before the Court. In that case a landowner had granted a ninety day option to purchase land for a given price. Mississippi Power and Light Company filed a petition for eminent domain. The optionee was dismissed from the eminent domain lawsuit since the ninety day option to purchase expired. There was an agreed jury verdict and judgment was entered. The optionee claimed that there was an oral agreement between himself and the landowner that even though the ninety day option to purchase had expired that he would be given a portion of the proceeds from the eminent domain case. The *Hennessey* court concluded that even if such an agreement was reached, it was in violation of the statute of frauds. The Court held that "[a]ny agreement involving an interest in the land would not be binding unless in writing under the statute of frauds." 225 Miss. 361, 83 So.2d 177.

The *Hennessey* case is different from the present case before the Court in three respects. First of all, the optionee was not a party to the pending lawsuit. Consequently there was no settlement of a lawsuit involved in that case. There was just an alleged agreement between one party to the lawsuit and a person who was not a party to the lawsuit as to the disposition of the proceeds. . Further, the settlement agreement in that case was not dictated into the record, and that settlement was not reached and dictated in the presence of a presiding judge.

Plaintiffs cite only one other case which likewise does not determine the question before this Court. They rely on the case of *WRH Properties Inc. v. Johnson.* 759 So.2d 394 (Miss.2000). While the *WRH Properties* case did reaffirm the above quotation from the *Hennessey* case, it did not reach the question presented in this case. In fact, the trial judge in that case made a determination that is directly op-

posite to the position argued by Plaintiffs. The Chancellor ruled

> "The Court need not address this question [the statute of frauds]. Suffice it to say, if the parties reached an agreement, the lawsuit would thereby be settled. The agreement would not transfer ownership of property but rather only settle the pending litigation."

759 So.2d at 396. The Mississippi Supreme Court concluded

> Since the Chancellor did not address the statute of frauds, this Court will also not address that issue, as it is not dispositive on the case sub judice.

*Id.*

In *WRH Properties* the Supreme Court concluded that the evidence before the Chancellor did not support his conclusion that an agreement had been reached between the parties but only that an agreement in principle had been reached with the details still having to be resolved and that such did not constitute an agreement which could be enforced. The case was remanded for trial on the merits of whether an agreement had or had not been agreed upon. The Mississippi Supreme Court did not address the issue presented to this Court. The trial court did address that question and concluded that a settlement agreement even though not dictated into the record and not reached in the presence of a presiding judge would nevertheless be enforceable even though it required execution of a deed to real property. The Chancellor reached a decision opposite of the position argued by Plaintiffs and the Mississippi Supreme Court did not reach that issue.

The Defendants cite only one case, the case of *Johnston v. Tomme*, 199 Miss. 337, 24 So.2d 730 (1946). Although this case did produce a result that is consistent with the result sought by Defendants, it did not address the question now before this Court. In that case, a paralytic allegedly made an oral agreement to execute a will leaving his real property to the plaintiff if

she would care for the paralytic for the rest of his life. The Mississippi Supreme Court reviewed the Mississippi law relative to the statute of frauds and recognized two exceptions to the requirement that an oral agreement to convey land is not enforceable. These two exceptions noted by the Court are "(1) Where the oral declaration amounts to a constructive trust, and (2) where there is fraud upon the promisee." 24 So.2d at 731.

The Mississippi Supreme Court noted that "The agreement in the case before us was not an oral contract to convey lands. It was an agreement to make a will." *Id.* at 732. The Court went on to hold that when the testator made the will that he had done all that he had agreed to do and that when the plaintiff performed the personal service agreed upon, the oral agreement was completed and it would be fraudulent for the testator to execute a new will supplanting the will that he had executed consistent with his oral agreement with plaintiff. The Court then concluded that the case should be tried on its merits and that plaintiff should be given opportunity to prove the agreement, and if so the second and third wills executed by the testator would be of no effect. Again, although the *Johnston* case reached a conclusion consistent with the position advocated by Defendants, it did not answer the precise question now before this Court.

In resolving any issue involving the interpretation of what is required by a statute, it is always most helpful to review the statute in question. The Mississippi Statute of Frauds is found at Section 15-3-1, Miss.Code Ann.1972. The first part of that statute provides as follows:

> *An action shall not be brought* whereby to charge a defendant or other party: .... *upon any contract* for the sale of lands, (emphasis added).

Thus it is seen that the Mississippi Statute of Frauds applies *only* to an action brought upon a contract. The second part of that statute provides:

> .... *unless, the* ... promise or *agreement* upon which such action shall be brought, *or some memorandum or note thereof, shall be in writing,* and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing. (emphasis added).

The second part of the statute requires that the agreement be in writing *or* that there be some *memorandum or note thereof* in writing.

This Court perceiving that the issue presented for decision is an important one, has done extensive, though not exhaustive, research beyond the three cases relied upon by the parties. This Court has found no Mississippi case directly in point and has found only one case directly on point from any jurisdiction. The Supreme Court of New Hampshire answered the exact question now before this Court in the case of *Perley v. Bailey,* 89 N.H. 359, 199 A. 570 (1938). Since this Court has found only one case from any jurisdiction answering this precise question and in view of the fact that the court in that case wrote a very succinct and brief opinion, the Court will quote that opinion almost in its entirety. The New Hampshire Court wrote as follows:

> Our statute of frauds reads: "No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing." P.L. c. 327, § 1.
>
> [1] It will be observed that there is no expressed intention that the statute shall apply to any procedure other than an "action *** upon a contract for the sale of land." This is not such an action. There is the further inquiry whether the Legislature intended that the statute should operate upon anything except extrajudicial contracts. The case before us presents a procedural matter outside the field of contracts which the statute is

designed to cover. *Such a stipulation as we have here, made under the supervision of the court or of the court's representative, derives effect from the control of the court rather than from any virtue in the stipulation itself.* (citation omitted). (emphasis added).

[2][3] The entry of a decree or judgment upon a parol stipulation made by the parties or their counsel in open court has long been usually a matter of course. (citations omitted). *It is not the intention of the statute of frauds to affect such stipulations made in court and subject to the court's supervision and control.* (emphasis added).

[4][5] Ample protection is afforded to the parties to such stipulations, wholly independent of the statute, upon general equitable principles. The court may grant relief from a stipulation because of mistake or surprise. (citations omitted). Such relief is a matter within the discretion of the trial judge, and the exercise of discretion will not be disturbed unless abused. (citation omitted).

199 A. at 571.

In 1997 the New Hampshire Court again revisited this issue in the case of *The Byblos Corp. v. Salem Farm Realty Trust,* 141 N.H. 726, 692 A.2d 514 (1997). The New Hampshire Supreme Court in that case held that a settlement agreement agreed to by the attorneys and not dictated into the record was not outside the statute of frauds but went on to hold "We continue to adhere to the view that settlements that involve land conveyances are excepted from the statute when they are finalized under court supervision. *See Perley v. Bailey,* 89 N.H. 359, 360, 199 A. 570, 571 (1938) ...." 692 A.2d at 517.

The Mississippi Supreme Court in *Putt v. City of Corinth,* 579 So.2d 534 (Miss. 1991), again did not answer the specific question before this Court but did reach some conclusions that are helpful to the Court in determining what this Court believes the Mississippi Supreme Court would decide if presented with this question. Justice Robertson writing for the Court stated

We turn to the city's statute of frauds defense .... land sale contracts are attended by certain formalities which, if not met, may leave the agreement a nullity and legally unenforceable (citation omitted) ....

As a general rule, Mississippi law does not require that contracts be made in writing. Put otherwise, oral contracts are ordinarily no less enforceable than others. (citations omitted) ....

The legislature has enacted an exception to this general rule, to the end of reducing the risks that persons will be held to contracts they did not make. This exception performs an evidentiary function, ....

Nothing in the statute of frauds requires that the contract itself be in writing. The statute is satisfied so long as there is "some memorandum or note thereof." For the prevention of frauds, the statute merely prescribes the form a part of the evidence must take. Oral testimony regarding the fact is admissible as well. Where the writing has been destroyed or is presently unavailable, the parties may employ parol evidence to prove "both its existence and contents." (citation omitted). The "memorandum or note" serves but to show "a basis for believing that the offered oral evidence rests on a real transaction," (citation omitted) ...

579 So.2d at 537, 538. The Mississippi Supreme Court in that case held the City of Corinth liable for an oral contract to purchase land, finding that an agency of the City had set forth in the minutes of that body the terms of the agreement which was a sufficient "memorandum or note" to satisfy the statute of frauds. Even though upholding the agreement, the Court went on to conclude

The record fails to reflect a clear meeting of the minds on the two matters upon which the closing collapsed: an

escrow to protect against judgment liens and proration of taxes. These are, to be sure, important details of any such sale but are not so central that the contract might fail for indefiniteness. Our law seems settled that in such circumstances the court may imply reasonable terms by reference to external facts and custom and usage.

The importance of the *Putt* case is that it sets forth the reason for the Mississippi Statute of Frauds and it held that if the main aspects of the agreement can be established by a "memorandum or note" the subsidiary aspects can be established by parol evidence. The *Putt* case makes clear that the statute of frauds performs "an evidentiary function." *Id.* at 538. The New Hampshire cases cited by the Court are consistent with the *Putt* case. The New Hampshire Statute of Frauds is almost identical to the Mississippi Statute of Frauds.

This Court notes that a literal reading of the Mississippi Statute of Frauds *is limited in its application to situations in which "an action shall be brought"* seeking to enforce a contract to sell property when such agreement has not been reduced to writing. The issue before this Court does not involve an action brought upon an oral contract for the sale of land. The action brought in this case was to rescind a previous written contract. But the question before the Court does not involve an action that was brought to enforce or rescind an oral contract, rather the issue before the Court involves a settlement of a lawsuit dictated into the record in the presence of a presiding judge.

Another case that is instructive is the case of *Dodd v. Joy,* 1999 Westlaw 140163 (Tex.App.San Antonio, 1999). In that case the parties were involved in a lawsuit involving whether or not an agreement provided for the sale or merely for the lease of certain property. Texas has a rule of civil procedure relative to settlement of lawsuits pretty well in line with the Mississippi Statute of Frauds. The Texas Court

in *Dodd* set out the reasons for Tex. P.R.Civ.P. 11 observing that oral agreements between parties to settle lawsuits "... are very liable to be misconstrued or forgotten ...." and that under Rule 11 such agreements will not be enforced unless they are reduced to writing. *Id.* The parties in that case entered into a written stipulation of settlement in accordance with Rule 11. Two months later one of the parties, as in this case, substituted counsel and filed a motion to set aside the settlement agreement on the basis that the settlement agreement did not contain a description of the property to be conveyed. The Texas court discussed that settlement agreement in regard to the Texas Statute of Frauds and concluded

> For purposes of the Statute of Frauds, it is not required that a complete description of the land appear in one document. The requirement is that there be written evidence signed by the party to be charged of the obligation to be enforced against him .... (citation omitted).

*Id.* The Texas Court further stated

> In any case the trial court relied on *Galerie D' Tile Inc. v. Shinn,* 792 S.W.2d 792 (Tex.App.Houston [14th Dist.] 1990, no writ), in holding that the parties' Rule 11 agreement was outside the Statute of Frauds. That case held, among other things, that when confronted with the question of whether a Rule 11 agreement has an adequate description of the property for purposes of the statute, it is permissible to reference the pleadings of the case in question to supplement any description in the agreement:
>
> > The parties show in the agreement announced by the two officers of the court, representing their clients, that they had full knowledge of the property to be conveyed by deed, even though the description "4207 West Alabama" is silent as to the city, county, and state. Appellant's pleadings show Galerie D'Tile Inc. has its principal place of business and registered

office in Houston, Harris County, Texas, and that Appellee Shinn is a resident of that city, county and state. There is a reasonable inference that the property is in Houston, Texas, at 4207 West Alabama. If necessary, extraneous evidence could be brought in to aid in drawing a proper description of the property.

*Id.* at 795. The Court would note that among the documents filed with the Court in this case there is a complete description of the property involved. The Texas Court held that the attorneys clearly were authorized to bind their clients by the filing of such documents.

■ This Court concludes that if the Mississippi Supreme Court was presented with the precise question now before this Court that it would follow *Putt* in recognizing that the purpose of the statute of frauds is that persons will not be "held to contracts they did not make." *579* So.2d at 538. This Court is likewise convinced that the Mississippi Supreme Court would follow the reasoning of the New Hampshire Supreme Court, in *Perley,* in holding that a settlement agreement dictated into the record in the presence of the Court "derives effect from the control of the Court rather than from any virtue in the stipulation itself." 199 A. at 577. Again, the New Hampshire Court noted that "it is not the intention of the statute of frauds to affect such stipulations made in Court and subject to the Court's supervision and control." *Id.* The reasoning of the New Hampshire Court is sound.

Rule 70, Federal Rules of Civil Procedure provides

If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party....

The Fifth Circuit in the case of *Bell v. Schexnayder,* 36 F.3d 447 (5th Cir.1994),

discussed extensively a district court's power to enforce settlements noting

... [A] district court has inherent power to *recognize, encourage, and when necessary enforce settlement agreements* reached by the parties. (citation omitted) "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." (citation omitted). "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." (citation omitted). "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced...." (emphasis added).

*Id.* at 449, 450.

The public and the judiciary have an interest in the expeditious, just, and final resolution of litigation. To hold that a settlement agreement dictated into the record in the presence of a presiding judge but which requires the execution of a deed to real estate is not enforceable, would undermine the inherent power of the Court to enforce settlement agreements reached in the presence of the Court. Nothing in the statute of frauds requires such a holding. The power of the Court to enforce such settlement is firmly embedded in controlling law. *See, Bell v. Schexnayder, supra,* and Rule 70, Federal Rules of Civil Procedure.

Having determined that the settlement agreement between the parties dictated into the record before the Magistrate Judge is enforceable, the Court will now address the issue of whether Plaintiffs have demonstrated any reason why they should not be held to their agreement.

■ Plaintiffs have shown no fraud, no misunderstanding, no mistake, and no over reaching. Plaintiffs simply changed their

mind. That is no reason not to enforce the informed decision entered into between Plaintiffs and Defendants. After conducting two hearings in this matter, the Court is convinced that the person who wishes to rescind the settlement agreement is Mrs. Scarbrough. The Court believes that Mrs. Scarbrough is concerned for her children and that she is greatly concerned about the public welfare. Mrs. Scarbrough has become emotional about the issues involved in this case. She claims to have proof that the property involved is a grave and serious health hazard to anyone who might purchase the property. No such proof is before the Court. The only proof before the Court is a letter from the Mississippi Department of Public Health that confirms that the property contains hazardous material, but also confirms that the contamination can be remediated without great difficulty. This is a far different sentiment than that expressed by Mrs. Scarbrough. There is no evidence before the Court that the property involved cannot be remediated in accordance with controlling law and regulations. Plaintiffs have demonstrated no legal basis to set aside the settlement agreement which they entered into. Simply changing one's mind or becoming emotionally involved in an issue is no basis for setting aside an otherwise valid agreement. Plaintiffs have not met their burden of proof.

The Court finds that the settlement agreement entered into between the parties on March 16, 2000, and dictated into the record before the Magistrate Judge, agreed to by all parties and their counsel, should be enforced in its entirety. The parties are hereby ordered within twenty (20) days of this Order to fully consummate and execute all documents relative to the settlement of this matter.