CHRISTOPHER C. CHOW v. WALTER G. CROWELL, AND WIFE, FLORENCE S. CROWELL, C. A. ANDERSON, ANDERSON DE-TECTIVE AGENCY, INC., AND ANDERSON SALES AUDIT, INC.

No. 7228SC28

(Filed 23 August 1972)

1. Venue § 2— nonresident plaintiff — resident defendant — removal as matter of right

Where plaintiff is a nonresident and defendants are residents of North Carolina, the proper venue for trial of an action is a county in this State in which the defendants, or any of them, reside at its commencement, and removal to the county of defendant's residence may be had as a matter of right. G.S. 1-82, G.S. 1-83.

2. Venue § 9— two motions to remove — hearing of motions at same time — no error

Where two defendants made motions, one after the other, to remove an action to their respective counties of residence, the trial court did not err in considering the two motions at the same time since it was not required to give precedence to one motion or the other because of the order in which they were filed, but was required to exercise discretion in choosing between the two.

**3. Venue § 9— unverified motion to remove— insufficient evidence to support order of removal**

The trial court erred in ordering the removal of a case to Transylvania County on the basis of one defendant's unverified motion that he was a resident of said county because the unverified motion did not prove the matters alleged therein and was not evidence thereof, nor was there any affidavit or other evidence to support the unverified motion.

APPEAL by defendants C. A. Anderson and Anderson Sales Audit, Inc., from *Falls, Judge,* September 1971 Session of Superior Court held in BUNCOMBE County.

Plaintiff instituted this civil action in the Superior Court of Buncombe County on 17 May 1971 seeking to recover damages for false arrest, false imprisonment and malicious prosecution. In his complaint plaintiff alleged that he is a resident of California, that the individual defendants are residents of North Carolina, and that the corporate defendants are incorporated under the laws of North Carolina and have their principal offices in Guilford County, N. C. Summons was served on defendants C. A. Anderson and Anderson Sales Audit, Inc., on 21 May 1971 by the Sheriff of Buncombe County and upon Walter G. Crowell and wife, Florence S. Crowell on 27 May 1971 by the Sheriff of Transylvania County.

On 16 June 1971 defendants C. A. Anderson and Anderson Sales Audit, Inc., filed a verified motion to remove this action to Guilford County, alleging that C. A. Anderson is and was at the time the action was instituted a resident of Guilford County, that Anderson Sales Audit, Inc., is a North Carolina corporation with its principal office in Guilford County, that defendants Crowell are residents of Macon County, and that neither the plaintiff nor any of the defendants are residents of Buncombe County. By unverified motion dated 28 June 1971 signed by the attorneys for the defendants, Walter G. Crowell and wife, Florence S. Crowell, said defendants prayed for an order removing this action to Transylvania County. This unverified motion contained a statement that defendants Crowell are and were at the time of institution of this action citizens and residents of Transylvania County.

After several continuances of the hearing on these motions to remove, both motions were heard before Judge Falls, who entered an order dated 7 September 1971, the pertinent part of which is as follows:

"It further appearing to the Court from an examination of the Complaint and the motions of the respective defendants that Buncombe County is not the proper county for the trial of this cause, and it further appearing to the Court that the proper venue of this action is either Guilford County or Transylvania County, and the Court in the exercise of its discretion, and in order to promote the ends of justice, ORDERS that this action be and the same is hereby removed from the Superior Court of Buncombe County to the Superior Court of Transylvania County."

To this order the defendants C. A. Anderson and Anderson Sales Audit, Inc., excepted and appealed, assigning as errors the failure of the trial court to grant their motion to remove this case to Guilford County and the granting of the motion to remove to Transylvania County.

*Roberts & Cogburn; and Bennett, Kelly & Long by Robert B. Long, Jr., for plaintiff appellee.*

*Williams, Morris & Golding by James N. Golding for defendant appellants.*

*Uzzell & Dumont by Harry Dumont for defendant appellees.*

PARKER, Judge.

[1] Plaintiff being a nonresident and defendants being residents of North Carolina, the proper venue for trial of this action is a county in this State in which "the defendants, or any of them, reside at its commencement." G.S. 1-82. None of the defendants resided in Buncombe County, in which this action was commenced. Under G.S. 1-83 each defendant had the right, by written motion made before time for answering expired, to demand that the action be removed to the county of his own residence.

[2] Appellants contend that their motion to remove to Guilford County having been filed before the filing by their co-defendants of the motion to remove to Transylvania County, the trial court should have considered their motion first. They contend that, had the court done so, it would have been required to grant their motion as a matter of right, the case would then have been transferred to Guilford County, which was a "proper county" within our statutes relating to venue, and the subse-

quently filed motion to remove to Transylvania County would have failed as a matter of law. In this case, however, both motions were made upon the same grounds and as a matter of right, and we find nothing in our established practice or procedure which required the trial court to consider the motions separately and in the order in which they were filed. Moreover, the record before us fails to disclose any timely objection noted by appellants to the action of the trial court in considering the two motions at the same time. Under the circumstances of this case, therefore, we hold that the trial court committed no error in considering the two motions at the same time and that the court was not required to give precedence to one motion or the other because of the order in which they may have been filed, but was necessarily required to exercise discretion in choosing between the two.

[3]   We find error, however, in the trial court's order removing this case to Transylvania County, as nothing in this record supports the court's determination that proper venue of this action is in that county. The unverified motion signed by the attorneys for defendants Crowell contained a statement that they were residents of Transylvania County at the time of the institution of this action, but "[t]he unverified motion did not prove the matters alleged therein and is not evidence thereof." *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 181 S.E. 2d 794. No affidavit or other evidence appears in the record to support the unverified motion. On the contrary, the motion filed by appellants and verified by C. A. Anderson states that defendants Crowell were residents of Macon County. The fact that summons was served on defendants Crowell by the Sheriff of Transylvania County did not establish that they were residents of that county.

The order appealed from being unsupported by the record, the same is vacated, and this cause is remanded to the Superior Court of Buncombe County for further proceedings as provided by law.

Vacated and remanded.

Chief Judge MALLARD and Judge MORRIS concur.