R. E. UPTEGRAFF MANUFACTURING COMPANY v. INTERNATIONAL UNION OF ELECTRICAL, RADIO, AND MACHINE WORKERS, AFL-CIO LOCAL UNION NO. 189 AND JOHN COLLIER, DAVID PEPPER, FRED HAISLIP, JOSEPH EVANS, CHARLIE NORWOOD, MELVIN HARRIS, AND PAUL BOBBITT, JR., AND DAVID BARROW, AND JOE WILLIAMS

No. 736DC750

(Filed 6 February 1974)

1. **Judgments § 9— consent judgment — signature of parties — oral consent**

 A consent judgment need not be signed by the parties in order to become effective since the parties may give their consent orally.

2. **Judgments § 9; Injunctions § 4; Rules of Civil Procedure § 65— consent restraining order — reasons for issuance**

 When a restraining order provides that it is issued by consent of the parties, it sufficiently sets forth the reason for its issuance within the purview of G.S. 1A-1, Rule 65(d).

Manufacturing Co. v. Union

3. **Judgments § 21— consent restraining order — failure to set forth reasons for issuance — void or irregular**

Even if a consent order restraining picketing failed to set forth the reasons for its issuance as required by G.S. 1A-1, Rule 65(d), defendants would have been bound by the consent order since it would not have been void but only irregular.

4. **Rules of Civil Procedure § 65— inapplicability of Rule 65(d) to contempt orders**

Rule 65(d) applies only to injunctions and restraining orders and not to contempt orders.

APPEAL by defendants from *Maddrey, Judge,* 23 August 1973 Session of District Court held in HALIFAX County.

Plaintiff operates a manufacturing plant in Halifax County. The individual defendants, except for Joe Williams, are employees of plaintiff and members of defendant International Union of Electrical, Radio, and Machine Workers, AFL-CIO Local Union No. 189 (hereinafter referred to as the Union). In 1973 the Union called a strike, and its members left work and began to picket plaintiff's plant. Defendant Joe Williams, an AFL-CIO representative, assisted the striking employees.

On 23 February 1973 plaintiff filed a complaint before Judge Maddrey of the Halifax County District Court, alleging that defendants had picketed plaintiff's plant in large numbers so as to intimidate the non-striking employees and others conducting business with the plant, had threatened the non-striking employees, and had engaged in specific acts of violence and vandalism which were set out in detail. On the same day Judge Maddrey issued a temporary restraining order limiting the number of persons who could picket plaintiff's plant, restricting the places where they could engage in picketing, and forbidding violent conduct or threats of violence. Defendants were directed to appear in District Court on March 2 and show cause why the order should not be made permanent.

Defendants failed to appear in District Court on March 2, mistakenly believing that court had been canceled for that day. On March 3 Judge Maddrey issued an order continuing the February 23 order in force until modified by some future order.

Between March 3 and March 15 defendants filed a motion to set aside the February 23 and March 3 orders, and plaintiff moved to hold certain defendants in contempt for violating the February 23 order. A hearing was held on these motions on

March 15. At the hearing, the parties withdrew their motions and agreed on the terms of a consent order. This order was not actually signed by the parties to indicate their consent, but it was signed by Judge Maddrey and provided in part as follows:

> "This cause came on for hearing . . . pursuant to a show-cause order heretofore issued by the Court . . . [and] before the Court heard any evidence, defendants filed an answer, motion to be allowed to present evidence in opposition to the order heretofore entered, and a motion to dismiss the orders heretofore entered for the reasons as set forth in said motion; that the parties through their attorneys conferred and agreed that in consideration of the entry of this order by consent that all prior motions and orders herein entered shall be superseded by this order including plaintiff's motion that certain of said defendants be held in contempt of Court.

> "Now, THEREFORE, by consent it is ordered, adjudged and decreed as follows:

> "1. That all prior orders heretofore entered herein are superseded by this order in consideration of which plaintiff withdraws its motion that certain defendants be held in contempt of Court."

The order imposed restrictions on the number and location of pickets at plaintiff's plant in terms very similar to those of the restraining order issued on February 23. Like the February 23 order, it prohibited violent or threatening conduct. It did not allow defendants to picket on public streets or highways. This order will hereinafter be referred to as the "first consent order."

After March 15, defendants became dissatisfied with the first consent order, and they prepared a new order, which was identical to the first one except that it permitted picketing on public streets and highways. They submitted it to Judge Maddrey, and he signed it. Defendants also signed this order, which will hereinafter be referred to as the "second consent order," but plaintiffs refused to sign it, contending that the first consent order was still binding.

On May 11 Judge Maddrey issued an order designed to clear up the confusion as to which of the two consent orders was actually in effect. He held that the first consent order was valid and binding and had been in full effect ever since March

15; that it was consistent with the agreement reached by the parties at the March 15 hearing; that the parties had consented to it although they did not sign; and that the second consent order would be set aside.

On May 11 Judge Maddrey also issued an order holding defendant David Barrow in contempt of court for violating the first consent order by kicking a dent in the automobile of a non-striking employee and attempting to prevent him from entering plaintiff's premises. Barrow was given a suspended sentence.

On June 4 Judge Maddrey issued an order holding defendants Paul Bobbitt, Jr., and Ronald Wood in contempt for violating the first consent order by assaulting a non-striking employee. Bobbitt and Wood were given thirty-day jail sentences, which were suspended on condition that they pay a fine and not violate the consent order in the future.

On August 23 Judge Maddrey issued another order, holding defendants Paul Bobbitt, Jr., Ronald Wood, Larry Pepper, Melvin Harris, John Collier and the Union in contempt for various violent acts. Pepper, Harris and Collier were given suspended sentences, and the Union was fined. The court activated the suspended sentences received by Bobbitt and Wood on June 4, and imposed an additional sentence of sixty days on Bobbitt and ninety days on Wood.

All defendants have appealed to this Court.

*Allsbrook, Benton, Knott, Allsbrook & Cranford, by J. E. Knott, Jr., for plaintiff appellee.*

*Hubert H. Senter for defendant appellants.*

BALEY, Judge.

Defendants have excepted to all of Judge Maddrey's orders, and assert that all of them are invalid. They attack the consent order of March 15 on two grounds. First, they contend that it was not in fact based on the consent of the parties; and second, they argue that it violated Rule 65(d) of the Rules of Civil Procedure.

[1]  Clearly a consent order cannot be valid unless the parties actually consent to it. "The power of the court to sign a consent judgment depends upon the unqualified consent of the parties

thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment." *King v. King,* 225 N.C. 639, 641, 35 S.E. 2d 893, 895; *accord, Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593; *Highway Comm. v. Rowson,* 5 N.C. App. 629, 169 S.E. 2d 132. Defendants argue that since the parties never signed the first consent order, they did not consent to it; and likewise, since plaintiff did not sign the second consent order, it did not consent to that order. However, a consent judgment need not be signed by the parties in order to become effective. *Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826. The parties may give their consent orally. *Perley v. Bailey,* 89 N.H. 359, 199 A. 570 (1938); *Schoren v. Schoren,* 110 Ore. 272, 290-91, 222 P. 1096, 1097 (1924); *see Westhall v. Hoyle,* 141 N.C. 337, 53 S.E. 863. In this case Judge Maddrey found as a fact that at the hearing on March 15 the parties had consented orally to the provisions of the first consent order. A litigant who has consented to an order may withdraw his consent at any time before the order is signed and entered, *Lee v. Rhodes,* 227 N.C. 240, 41 S.E. 2d 747, but here the record shows that defendants gave no indication of their dissatisfaction with the first consent order until March 30, fifteen days after the order was signed. Even at that time they signified their previous consent by signing a second consent order which did not significantly change the first order. Defendants' contention that the order of March 15 is void for want of consent cannot be sustained.

[2] Rule 65 (d) of the North Carolina Rules of Civil Procedure provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance . . . . " Judge Maddrey's order of March 15 states only that it was issued by consent of the parties, and defendants question whether this is a sufficient statement of reasons. It would appear that the order does comply sufficiently with Rule 65 (d). A consent order is based solely on the consent of the parties, and not on any determination of facts or application of legal principles by the judge. In fact, a consent order is generally referred to as a contract between the parties, entered on the records with the approval of the court. *Layton v. Layton,* 263 N.C. 453, 139 S.E. 2d 732; *Stanley v. Cox, supra; Highway Comm. v. Rowson, supra.* When an order provides that it is issued by consent of the parties, it correctly sets forth the reason for its issuance.

[3] Even if Judge Maddrey's statement of reasons had been insufficient under Rule 65 (d) defendants would still have been

bound by the consent order, because it would not have been void but only irregular. An order is void only when it is issued by a court that does not have jurisdiction (or, in the case of a consent order, when it is issued without the parties' consent). *Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248; *Travis v. Johnston,* 244 N.C. 713, 95 S.E. 2d 94; *Bass v. Moore,* 229 N.C. 211, 49 S.E. 2d 391. An order issued "contrary to the method of practice and procedure established by law" is classified as irregular. *Collins v. Highway Commission,* 237 N.C. 277, 284, 74 S.E. 2d 709, 715; *accord, Pruitt v. Taylor,* 247 N.C. 380, 100 S.E. 2d 841. A void order is a nullity, binding on no one, and may freely be ignored. *Lumber Co. v. West, supra; Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460. But an irregular order stands as the judgment of the court and is binding on the parties until it is corrected. *Lumber Co. v. West, supra; Collins v. Highway Commission, supra.* If the consent order had been irregular, defendants would still have been required to obey it, and they could have been held in contempt for violating it.

[4]  Defendants contend that the court violated Rule 65(d) in issuing the orders of May 11, June 4 and August 23. This contention is without merit, because Rule 65(d) applies only to injunctions and restraining orders. One of the May 11 orders was a contempt order, and the other confirmed the validity of the first consent order. The orders of June 4 and August 23 were contempt orders. None of these orders came within the scope of Rule 65(d). Defendants also assert that the orders of May 11, June 4 and August 23 were contingent upon a prior void order, the consent order of March 15; but since the consent order was valid, this argument is untenable.

It is not necessary for this Court to consider whether any error was committed in the orders of February 23 and March 3. These two orders were superseded by the March 15 consent order and are no longer in effect. Defendants' contempt sentences were imposed for violation of the March 15 order. If the February 23 and March 3 orders were in any way improper, the error was not prejudicial to defendants.

This case involves conduct of defendants over a period of several months with intermittent court appearances. The restraining order of the trial court was clear, and the evidence of its violation was specific, detailed, and well-documented. By its various suspended judgments in the face of such contumacious conduct, the court demonstrated a patient and conciliatory

attitude toward the defendants, but respect for the law must be maintained. The judgments of Judge Maddrey holding defendants in contempt of court and imposing appropriate sentences and fines are affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.