King v. Buck, Adjutant General

HURLEY D. KING v. WILLIAM M. BUCK, ADJUTANT GENERAL OF THE STATE OF NORTH CAROLINA

No. 7426SC172

(Filed 3 April 1974)

1. Venue § 4— action against public officer — removal to Wake County

Action instituted in Mecklenburg County against the Adjutant General of North Carolina was properly removed to Wake County pursuant to G.S. 1-77(2).

2. Venue § 8— action against public officer — removal to Wake County — second removal for convenience of witnesses

The fact that a public officer is entitled under G. S. 1-77 to have a case removed to Wake County does not preclude the court from changing the venue from Wake County to another county, in the exercise of sound discretion, for the convenience of witnesses and the promotion of the ends of justice.

APPEAL by plaintiff from *Clarkson, Judge,* 5 November 1973 Session of Superior Court held in MECKLENBURG County.

Plaintiff, a resident of Mecklenburg County and a member of the North Carolina National Guard, suffered a heart attack on 15 April 1972 while on active duty participating in field exercises at Fort Bragg. He instituted this civil action on 2 July 1973 in the Superior Court in Mecklenburg County against defendant, the Adjutant General of the State of North Carolina, to obtain judgment determining that plaintiff's illness and disability fall within the provisions of G.S. 127-82 and to obtain a writ of mandamus directing defendant and his successors in office to process and pay such claims as plaintiff may from time to time be entitled to receive under applicable law. On motion of defendant for change of venue, the action was removed to Wake County, and plaintiff appealed.

*Warren D. Blair and Richard L. Kennedy for plaintiff appellant.*

*Attorney General Robert Morgan by Assistant Attorney General John R. B. Matthis for defendant appellee.*

PARKER, Judge.

[1] There was no error in the order removing this cause to Wake County. G.S. 1-77 in pertinent part provides:

"G.S. 1-77. *Where cause of action arose.*—Actions for the following causes must be tried in the county where the

cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:

\*   \*   \*   \*   \*

"(2) Against a public officer . . . for an act done by him by virtue of his office; . . . "

The pleadings establish and appellant concedes that defendant is a public officer and that this action arises from acts done or to be done by him in Wake County by virtue of his office. Thus, G.S. 1-77(2) applies and the action was properly removed to Wake County.

[2] Appellant points out that the venue provisions of G.S. 1-77 are, by express language of that statute, made "subject to the power of the court to change the place of trial, in the cases provided by law," and he points to G.S. 1-83(2) as authorizing the court to change the place of trial "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." We agree with appellant's contention that the fact that defendant is entitled under G.S. 1-77 to have this case moved to Wake County does not preclude the court from changing the venue from Wake County to another county, in the exercise of sound discretion, for the convenience of witnesses and the promotion of the ends of justice, upon motion properly made under G.S. 1-83. However, the time for such a motion has not arrived. *Wiggins v. Trust Co.*, 232 N.C. 391, 61 S.E. 2d 72.

The order appealed from is

Affirmed.

Judges BRITT and VAUGHN concur.