PITTS FIRE SAFETY SERVICE, INC. v. CITY OF GREENSBORO

No. 7825DC744

(Filed 19 June 1979)

**Venue § 4— action against city—venue in county where city located**

> Proper venue in an action against a city to recover the price of equipment installed in its municipal building lies in the county in which the city is located, since the contract was performed and the failure to pay occurred in that county, G.S. 1-77, and the trial court erred in failing to grant defendant city's motion for a change of venue to such county.

APPEAL by defendant from *Vernon, Judge*. Order entered 6 June 1978 in District Court, CATAWBA County. Heard in the Court of Appeals 1 May 1979.

Plaintiff instituted this action to recover payment for services rendered to defendant pursuant to an alleged oral contract. Plaintiff's principal office and place of business are in Catawba County. Defendant, a municipal corporation, is located in Guilford County.

Plaintiff alleges that on 14 June 1976, James R. Pitts, president of Pitts Fire Safety Service, Inc., received a call from Harvey Phipps of the City of Greensboro who requested that plaintiff install certain fire detection and extinguishing equipment

in defendant's municipal building. An employee of plaintiff went to Greensboro and installed the equipment at the contract price of $734.24. Plaintiff requested payment but defendant failed to pay and, therefore, plaintiff instituted this suit to recover $734.24.

Defendant made a motion for a change of venue to Guilford County. This motion was denied and defendant appeals.

*Sigmon, Clark and Mackie, by E. Fielding Clark II, for plaintiff appellee.*

*Dale Shepherd, for defendant appellant.*

VAUGHN, Judge.

The issue we address is whether the trial court erred in denying defendant's motion for a change of venue. Venue in this action is governed by G.S. 1-77 which provides, in pertinent part, as follows:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:

\* \* \*

(2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer."

An action against a municipality is governed by this statute. *Lee v. Poston*, 233 N.C. 546, 64 S.E. 2d 835 (1951). The issue to be determined is where the cause of action arose because that is the factor controlling venue in this case.

In *Coats v. Hospital*, 264 N.C. 332, 141 S.E. 2d 490 (1965), plaintiffs brought suit against Sampson County Memorial Hospital to recover in *quantum meruit* for labor and material furnished to the hospital. Although plaintiffs did not contend that the cause of action arose outside of Sampson County where the hospital was located, the Court stated:

　　"Patently, this cause of action arose in Sampson County. Plaintiffs furnished to defendant there all the material and labor the value of which they now seek to recover in *quantum valebant* and in *quantum meruit*. The debt is the cause of action, and it arose where the debt originated. *Steele v. Commissioners*, 70 N.C. 137, 139. 'A broad, general rule applied or stated in many cases is that the cause of action arises in the county where the acts or omissions constituting the basis of the action occurred.' Annot., Venue of actions or proceedings against public officers, 48 A.L.R. 2d 423, 432." *Coats v. Hospital*, *supra*, at 334.

Thus the Court held that venue was governed by G.S. 1-77 and that Sampson County was the proper place of venue.

　　We find this analysis applicable in the present case. Plaintiffs delivered equipment in Guilford County where the contract was to be performed. The defendant's failure to pay for this equipment was the basis of this cause of action and it occurred in Guilford County. We hold, therefore, that the lower court erred in failing to grant defendant's motion for a change of venue.

　　Reversed and remanded.

　　Judges CLARK and CARLTON concur.