CAROL CARTER GRAHAM v. ALFRED ALDRICH GRAHAM, JR.

No. 8520DC9

(Filed 15 October 1985)

1. **Divorce and Alimony § 18.17— temporary alimony and child support order— provision for reconsideration—failure to reconsider within time stated**

   A temporary alimony and child support order was neither void nor voidable because the trial judge had noted that "this cause shall be calendared for reconsideration within one hundred eighty (180) days from the date hereof, if not previously disposed of by trial," and no hearing or final disposition by trial occurred within the one hundred eighty (180) days.

2. **Divorce and Alimony § 21.5— alimony and child support order—willful contempt—remand for findings as to ability to comply**

   A judgment finding defendant in willful contempt for failure to comply with a temporary alimony and child support order is vacated and the cause is remanded for further findings as to defendant's ability to comply with the order where the order required defendant to pay $2,480.00 per month in alimony and child support plus a $1,100.00 attorney fee, and defendant testified that he must pay $500.00 per month into a bankruptcy wage earner plan, that he owes the IRS $107,000.00 and three of his paychecks have been garnisheed for that debt, and that his monthly income is $2,600.00.

APPEAL by defendant from *Burris, Judge.* Judgment entered 6 August 1984 in District Court, MOORE County. Heard in the Court of Appeals 16 September 1985.

*Seawell, Robbins, May, Rich & Scarborough by P. Wayne Robbins for defendant appellant.*

*No brief filed for plaintiff appellee.*

COZORT, Judge.

Defendant was found in willful contempt of court for failure to comply with a previous order for alimony and counsel fees. For the reasons set forth below we remand the case to the trial court for further findings of fact.

On 4 February 1983, plaintiff filed a complaint for temporary alimony, divorce from bed and board, child support, and counsel fees. On 2 June 1983, the trial judge entered an order finding that plaintiff and defendant separated on 5 January 1983; that plaintiff was earning $514.00 per month net; that plaintiff had no other assets or estate except for her interest in the marital home; that

Graham v. Graham

plaintiff had presented an affidavit reflecting that the reasonable monthly expenses for herself were $1,098.03 and for the children were $2,475.18; that defendant's annual income was $52,000.00; and that plaintiff's attorney fees were $1,100.00. The trial judge concluded that plaintiff was a dependent spouse and was entitled to alimony pendente lite and temporary child support, custody of their five minor children, and counsel fees. He ordered defendant to pay $800.00 per month alimony pendente lite, $1,500.00 per month temporary child support, $1,100.00 to plaintiff's attorney, and the $180.00 monthly mortgage payments on their house. The trial judge noted in the order: "That this cause shall be calendared for reconsideration within one hundred eighty (180) days from the date hereof, if not previously disposed of by trial."

On 3 August 1983, plaintiff filed a motion alleging that defendant was in arrears. On 25 October 1983, the trial court found defendant in arrears of $4,700.00 and adjudged defendant in contempt of court. Defendant was placed in jail on or about 28 October and released on 18 November 1983.

At a subsequent contempt hearing on 6 August 1984, plaintiff testified that defendant was in arrears on the alimony payments, had not paid her attorney, and had not made the mortgage payments since January 1984. Defendant testified that he had been assessed $107,000.00 by the IRS for unpaid taxes and that three of his paychecks had been garnisheed by the IRS. The trial judge found defendant in arrears $9,970.00 on court ordered payments. Because defendant had a reduced ability to pay due to the garnishment of his paychecks, only $5,170.00 of the arrearage was found to be willful. The court found defendant in willful contempt of court and ordered him held in custody for ninety days, unless he purged himself of contempt by paying $1,100.00 to plaintiff's attorney; $5,170.00 in alimony; and a $900.00 mortgage payment. The temporary alimony was reduced to $325.00 per month, and the child support was reduced to $1,200.00 per month. From this judgment defendant appeals.

[1] Defendant's first argument is that the 2 June 1983 order for temporary alimony and child support was void and defendant could not be held in contempt for failure to comply with a void order. Defendant contends the order was void because the judge had noted that "this cause shall be calendared for reconsideration

within one hundred eighty (180) days from the date hereof, if not previously disposed of by trial." He argues the order had "lapsed" and was no longer in force because no hearing was held within 180 days of 2 June 1983 and there had been no final disposition by trial.

A judgment is void if it is rendered by a court which has no authority to consider the question in dispute or no jurisdiction over the parties or their interest in the subject matter. *East Carolina Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248 (1958). A void judgment is not binding on the parties. *Id.* An order which is irregular or erroneous is voidable, and binding on defendant until corrected in a proper manner. *Menzel v. Menzel,* 250 N.C. 649, 110 S.E. 2d 333 (1959). We find that the order in the instant case was neither void nor voidable. The trial judge simply noted that the case would be calendared for reconsideration. This did not make the order irregular in any way.

[2] Defendant's next argument is that the trial court erred in finding him in willful contempt for his noncompliance with the order. Defendant contends that he did not have the means to comply with the order. If defendant did not have the means to make the monthly payments, he should have moved for a modification of the child support order under G.S. 50-13.7(a), and a modification of the alimony pendente lite order under G.S. 50-16.9(a). Defendant's failure to do so is not evidence of willful contempt, however. The trial judge must find that defendant "is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order." G.S. 5A-21(a). Under the June 1983 order defendant was required to pay $800.00 per month alimony pendente lite, $1,500.00 per month child support, $180.00 per month mortgage payment, and a $1,100.00 attorney fee. This is a total of $2,480.00 per month, plus the $1,100.00 fee. Additionally, defendant testified that he must pay $500.00 per month into the wage earner plan with the Bankruptcy Court, and he owes the IRS $107,000.00. Defendant's annual gross salary in 1983 was found to be $47,047.00, plus $9,000.00 from his farm; a total of $56,047.00. There was no evidence of how defendant was going to pay his debt to the IRS, although he said that three paychecks had been garnisheed. In short, defendant must pay $2,980.00 per month, plus attorney fees, and $107,000.00 to the IRS. Defendant contends that his net monthly pay is $2,600.00 (which was not

found as fact by the trial judge). We hold that the court's findings on the defendant's monthly income, debts, and ability to pay are insufficient to support the determination that his failure to pay constituted willful contempt. The trial court must make additional findings of fact on defendant's net monthly income, his other assets, if any, and his repayment schedule to the IRS. The court can then determine whether defendant is able to comply with the order, and thus whether his nonpayment was willful contempt.

For this reason we remand for additional findings of fact.

Vacated and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.