NIECA TIMOUR, Plaintiff v. PITT COUNTY MEMORIAL HOSPITAL, INC., a North Carolina Corporation, Defendant

No. COA97-857

(Filed 1 December 1998)

**Limitations of Actions— extension of time for filing—notice**

The trial court erred by dismissing plaintiff's action as being barred by the statute of limitations where plaintiff was injured in a fall at defendant hospital on 20 July 1993; N.C.G.S. § 1-52 provides a three-year statute of limitations; plaintiff moved on 19 July 1996 to have the statute of limitations extended for 120 days to comply with a recently enacted requirement for review of medical care by an expert witness; plaintiff's motion was granted but defendant was not served with notice; plaintiff served her complaint and summons within the extension; and defendant's motion

TIMOUR v. PITT COUNTY MEMORIAL HOSPITAL

[131 N.C. App. 548 (1998)]

to dismiss based on expiration of the three-year statute was granted. A compliant had not been filed, the order extending time for filing did not require service, and the motion to extend time may be heard ex parte. Plaintiff did not subject herself to the notice requirements of Rule 3 by using a Rule 3 form to request a Rule 9 extension; the motion referred exclusively to Rule 9 and requested the applicable 120-day extension.

Appeal by plaintiff from order filed 9 April 1997 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 26 February 1998.

*Jeffrey S. Miller for plaintiff-appellant.*

*Harris, Shields, Creech and Ward, P.A., by R. Brittain Blackerby, Charles E. Simpson, Jr., Bonnie J. Refinski-Knight and Mary V. Ringwalt, for defendant-appellee.*

MARTIN, Mark D., Judge.

Plaintiff appeals from order of the trial court dismissing her suit against defendant as being barred by the applicable statute of limitations.

On 20 July 1993, plaintiff was injured in a fall at defendant hospital. N.C. Gen. Stat. § 1-52 (Supp. 1997) provides a three-year statute of limitations for personal injury. On 19 July 1996, plaintiff moved the Superior Court of Pitt County to have the statute of limitations extended for a period of 120 days in order to comply with a recently enacted requirement that it show "the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness . . . and who is willing to testify that the medical care did not comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (Supp. 1997). Plaintiff's motion was granted and the time to file the complaint was extended to 17 November 1996. Defendant was not served with notice of this extension. The applicable three-year statute of limitations expired on 20 July 1996.

On 15 November 1996, plaintiff served her summons and complaint on defendant. Defendant moved to dismiss the action pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. sections 1-52 and 1-15, based on expiration of the applicable three-year statute of limitations. On 9 April 1997, the trial court granted defendant's motion. Plaintiff appeals.

The issue on appeal is whether plaintiff's suit was properly dismissed as untimely because she did not serve notice on defendant of her 120-day extension for filing her complaint.

Rule 9(j) of the North Carolina Rules of Civil Procedure provides that

> [u]pon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge . . . may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (Supp. 1997).

As a preliminary matter, we note Rule 9(j) makes no mention of a requirement that defendant be served with notice of the time extension.

Rule 5 of the North Carolina Rules of Civil Procedure states that service is required for "[e]very order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders . . ., [and] every written motion other than one which may be heard *ex parte* . . . ." N.C. Gen. Stat. § 1A-1, Rule 5(a) (Supp. 1997). The trial court's order in the present action did not require service, and a complaint had not yet been filed. In addition, the motion to extend time may be (and was) heard *ex parte. See* G. Gray Wilson, North Carolina Civil Procedure § 9-11, at 169 (2d ed. 1995) ("The motion would presumably be *ex parte*, and only the order could direct service on other parties."). Accordingly, plaintiff was not required to serve notice of the filing extension on defendant and consequently, plaintiff's action was timely filed.

Defendant nonetheless asserts that by using a Rule 3 form to request the Rule 9 extension, plaintiff somehow subjected herself to the notice requirements of Rule 3. We disagree.

Plaintiff was not requesting a Rule 3 extension—her motion referred exclusively to Rule 9 and requested the applicable 120-day extension. On the Rule 3 form that plaintiff improperly submitted with her motion, plaintiff specified she was seeking a 120-day extension, rather than the 20-day extension available under Rule 3.

Defendant correctly notes that it would be left subject to suit without notice for an additional 120 days should this Court reverse the trial court's order. It suffices to say, however, that modification of the Rules of Civil Procedure is within the province of the General Assembly. Accordingly, we reverse the trial court's order dismissing plaintiff's suit and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges LEWIS and MARTIN, John C., concur.