**WEBB v. NASH HOSP., INC.**

[133 N.C. App. 636 (1999)]

———————————

CAROLYN FAYE WEBB AND PHILLIP EDWARD WEBB, PLAINTIFFS V. NASH HOSPITALS, INC. D/B/A NASH GENERAL HOSPITAL OR NASH GENERAL HOSPITAL, INC.; SOUTHEASTERN ACUTE CARE SPECIALISTS, P.A.; CHARLES E. WILLIAMSON, M.D. AND ROCKY MOUNT OB-GYN ASSOCIATES, P.A., DEFENDANTS

No. COA98-1050

(Filed 15 June 1999)

**1. Jurisdiction— order extending time to file complaint— entry**

The trial court had jurisdiction to order that time for filing a complaint be extended in accordance with N.C.G.S. § 1A-1, Rule 9(j), even though defendants argued that there was no motion pending when the order was signed, because the record clearly shows that the motion was filed and entered on 19 September and the order filed and entered on 1 October. A judgment is entered when it is reduced to writing, signed by a judge, and filed with the clerk of court.

**2. Statute of Limitations— medical malpractice—extension of time to file complaint—all parties not named and served**

The trial court erred by dismissing plaintiff's medical malpractice complaint for violation of the statute of limitations. Under *Timour v. Pitt County Mem. Hosp.*, 131 N.C.App. 548, defendants' due process rights to notice were not violated where a motion to extend the time for filing the complaint was granted under N.C.G.S. § 1A-1, Rule 9(j), all of the parties were not named

WEBB v. NASH HOSP., INC.

[133 N.C. App. 636 (1999)]

in the motion, and all were not served with notice of the time extension.

### 3. Statute of Limitations— loss of consortium—underlying claim not barred

A loss of consortium claim was improperly dismissed for violation of the statute of limitations where the underlying medical malpractice claim should not have been dismissed.

### 4. Medical Malpractice— on-call physician—no physician-patient relationship

The trial court correctly dismissed a claim against an on-call physician and his employer for failure to state a claim upon which relief could be granted where there was no allegation of a physician-patient relationship or allegations about the subject matter of another doctor's discussion with the on-call physician.

Appeal by plaintiffs from judgment entered 24 June 1998 by Judge George L. Wainwright, Jr., in Nash County Superior Court. Heard in the Court of Appeals 17 May 1999.

*Blanchard, Jenkins & Miller, P.A., by Robert O. Jenkins and Philip R. Miller, III, for plaintiff appellants.*

*Yates, McLamb & Weyher, L.L.P., by Michael C. Hurley, for defendant appellee Rocky Mount OB-GYN Associates, P.A.*

*Cranfill, Sumner & Hartzog, L.L.P., by Kari R. Johnson and Edward C. LeCarpentier III, for defendant appellee Nash Hospitals, Inc.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Samuel G. Thompson, Michael W. Mitchell, and James Y. Kerr, II, for defendant appellees Charles E. Williamson, M.D., and Southeastern Acute Care Specialists, P.A.*

HORTON, Judge.

This is an action for medical malpractice, in which plaintiff Carolyn Faye Webb (Mrs. Webb) alleges that Nash General Hospital, Southeastern Acute Care Specialists, P.A., Charles E. Williamson, M.D., and Rocky Mount OB-GYN Associates, P.A. (collectively, defendants), provided substandard medical care to her in October 1994. Her husband, Phillip Edward Webb (Mr. Webb), seeks to recover for loss of consortium.

**WEBB v. NASH HOSP., INC.**

[133 N.C. App. 636 (1999)]

Pursuant to the provisions of Rule 9(j) of the North Carolina Rules of Civil Procedure, Mrs. Webb filed a motion prior to the expiration of the three-year statute of limitations, to extend the time within which to file her complaint. N.C. Gen. Stat. § 1A-1, Rule 9(j) (Cum. Supp. 1998). The motion was filed in Nash County Superior Court on 19 September 1997. A Nash County Resident Superior Court Judge granted the motion by order dated 12 September 1997, which order was filed on 1 October 1997. As permitted by Rule 9(j), the order granted Mrs. Webb an additional 120 days within which to file her action, through and including 5 February 1998. Plaintiffs then filed this complaint on 4 February 1998.

Defendants moved to dismiss the complaint pursuant to Rules 12(b)(6) and 41(b), contending that it appeared on the face of the complaint that the statute of limitations had expired. Rocky Mount OB-GYN Associates, P.A., also contended that the complaint did not state a claim for medical malpractice against it. The trial court granted all motions to dismiss, concluding that "[p]laintiffs failed to serve the motion for extension upon any defendant in compliance with Rule 5, that the order of the Court purporting to extend the statute of limitations has no application to those parties not served with the motion, and that [p]laintiffs' claims against [d]efendants are accordingly barred by the expiration of the three-year limitations period." The trial court further concluded that the complaint did not state a valid claim upon which relief could be granted against Rocky Mount OB-GYN Associates, P.A. Plaintiffs appealed.

The issues are: (I) Does a Rule 9(j) order extending the time to file a medical malpractice action toll the statute of limitations as to defendants who are not named in the motion requesting the extension of time, as well as all defendants who are not served with notice of the extension; (II) Does a Rule 9(j) extension obtained by Mrs. Webb to file her medical malpractice claim also toll the statute of limitations as to Mr. Webb's claim for loss of consortium; and (III) Did plaintiffs state a claim for which relief could be granted against Rocky Mount OB-GYN.

[1] We initially note that defendants also argued that the trial court was without jurisdiction when it ordered that the time for filing the complaint in accordance with Rule 9(j) be extended by 120 days because there was no motion pending for the extension of time when the order was signed. This argument is unpersuasive, however, because the record clearly shows that the motion was filed and

entered on 19 September 1997 and the order allowing the motion was filed and "entered" on 1 October 1997. Rule 58 of the North Carolina Rules of Civil Procedure states that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (Cum. Supp. 1998). Therefore, the mere signature on a judgment that has not been entered is an incomplete judgment. *See Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996).

I

[2] Defendants argue that by not naming all of the parties in the motion to extend the time for filing the complaint and not serving any of them with notice of the time extension, their due process right to notice was violated. We disagree.

Rule 9(j) states that:

Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge . . . may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j). Rule 5 provides that service is required for "[e]very order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders . . . [and] every written motion other than one which may be heard ex parte . . . ." N.C. Gen. Stat. § 1A-1, Rule 5 (Cum. Supp. 1998).

In *Timour v. Pitt County Mem. Hosp.*, 131 N.C. App. 548, 508 S.E.2d 329, 330 (1998), *disc. review allowed*, 350 N.C. 107, —— S.E.2d —— (1999), this Court held that the order granting a Rule 9(j) time extension was not required to be served on the other party because a complaint had not been filed. Moreover, because the motion to extend the time to file the complaint may be heard ex parte, it falls within the Rule 5 exception to the service requirement. *Id.* Indeed, the very purpose of the Rule 9(j) extension is to allow a plaintiff additional time in order to meet the requirements of the rule in filing a medical malpractice complaint. The requirements are intended, in part, to protect defendants from having to defend frivolous medical malpractice actions by ensuring that before a complaint for medical

malpractice is filed, a competent medical professional has reviewed the conduct of the defendants and concluded that the conduct did not meet the applicable standard of care. Although our Supreme Court has granted defendants' petition for discretionary review in *Timour*, that Court has not yet ruled on the merits of the petition. Therefore, despite the serious questions raised herein, we are bound by the ruling of this Court in *Timour. In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989).

## II

**[3]** Plaintiffs argue that the trial court erred in dismissing Mr. Webb's loss of consortium claim. We agree.

N.C. Gen. Stat. § 1-52(5) requires that a loss of consortium claim be brought within three years from the time that the cause of action accrues. N.C. Gen. Stat § 1-52(5) (Cum. Supp. 1998); *Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 40, 493 S.E.2d 460, 462 (1997). In North Carolina, "a spouse's claim for loss of consortium must be joined with the other spouse's claim for personal injury." *Sloan*, 128 N.C. App. at 40, 493 S.E.2d at 462. The loss of consortium cause of action is "not barred by the statute of limitations so long as the original negligence claim of the injured spouse is not so barred." *Id.* Because we have held that Mrs. Webb's medical malpractice claim should not have been dismissed, the trial court likewise erred in dismissing the loss of consortium claim.

## III

**[4]** In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the reviewing court determines whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of a valid legal claim. *Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996). In order to establish negligence, a plaintiff must allege (1) a legal duty, (2) breach of that duty, (3) injury caused by a breach of that duty, and (4) damages. *Mozingo v. Pitt County Memorial Hospital*, 331 N.C. 182, 187, 415 S.E.2d 341, 344 (1992).

In this case, Mrs. Webb failed to allege in her complaint any duty or breach on the part of Neal Adkins, Jr., M.D., the physician on call for Rocky Mount OB-GYN. Indeed, the only fact alleged in the complaint was that Charles E. Williamson, M.D. "discussed Mrs. Webb's condition with the OB-GYN on call—Neal A. Adkins, Jr., M.D., an

employee and/or agent of Defendant Rocky Mount OB-GYN Associates, P.A." There is no allegation that a physician-patient relationship existed between Dr. Adkins and Mrs. Webb, nor are there any allegations about the subject matter of Dr. Williamson's discussion with Dr. Adkins. Although Mrs. Webb cites *Mozingo* as authority that an on-call physician may be held liable if he gives negligent advice or negligently supervises another physician, there are no facts alleged in this case which would support any negligence on the part of Dr. Adkins and Rocky Mount OB-GYN. The trial court, therefore, was correct in dismissing the claims against Rocky Mount OB-GYN.

Affirmed in part, reversed and remanded in part.

Chief Judge EAGLES and Judge LEWIS concur.