HERMAN STEWART AND WIFE, ELIZABETH A. STEWART, Plaintiffs v. SOUTHEASTERN REGIONAL MEDICAL CENTER, ROBERT A. BAREFOOT, JR., M.D., SUNIL SHARMA, M.D., EMERGENCY PHYSICIAN ASSOCIATES, INC., LIFELINK CRITICAL CARE TRANSPORT, a division of CAPE FEAR VALLEY MEDICAL CENTER, CUMBERLAND COUNTY HOSPITAL SYSTEM, INC., a/k/a CAPE FEAR VALLEY MEDICAL CENTER, MICHEL C. PARE, M.D., CAROLINA NEUROSURGICAL SERVICES, P.C., MAX H. FAYKUS, JR., M.D., DAVID R. FISHER, M.D., THOMAS J. MEAKEM, M.D., LEROY ROBERTS, JR., M.D., and CAROLINA REGIONAL RADIOLOGY, P.A., Defendants

No. COA00-46

(Filed 20 March 2001)

## 1. Medical Malpractice— joinder of defendants—venue

It was not improper for plaintiffs in a medical malpractice action to join all of the defendants and to file the action in Robeson County when plaintiff was injured in an automobile accident in Robeson County, taken to a hospital in Robeson County, and subsequently transferred to a hospital in Cumberland County. Plaintiff named seventeen defendants, seven of whom were in Robeson County, stated that the alleged negligence took place in Robeson and Cumberland Counties, alleged that defendants' combined and individual negligence directly and proximately resulted in temporary and permanent injuries to plaintiff, and did not attempt to apportion and attribute plaintiff's damages to individual defendants.

STEWART v. SOUTHEASTERN REG'L MED. CTR.

[142 N.C. App. 456 (2001)]

**2. Medical Malpractice— Rule 9(j) extension—location of motion**

An extension under N.C.G.S. § 1A-1, Rule 9(j) was properly obtained in Robeson County and was effective against all named defendants where plaintiff was injured in an automobile accident in Robeson County, received treatment at a hospital in Robeson County, was transferred to Cumberland County for further treatment and brought a medical malpractice action against defendants in both counties. The cause of action first arose in Robeson County; a single motion filed in the county where the cause of action first arose will be effective to extend the statute of limitations against all defendants ultimately named in the action. As the Robeson County Superior Court had jurisdiction, the extension order was valid and effective as to all of the joined defendants, including the Cumberland County defendants, and the Cumberland County Superior Court was obligated to give the extension full effect as to all parties after the transfer of the action to Cumberland County.

**3. Medical Malpractice— Rule 9(j) extension—notice and service—location of motion**

Plaintiffs seeking a Rule 9(j) extension are not required to seek an extension in every county where every potential defendant is located, regardless of whether those defendants are ultimately included in the eventual complaint and, because a complaint has not yet been filed, parties seeking a Rule 9(j) extension must neither name nor serve notice upon potential defendants.

Judge GREENE concurring.

Appeal by plaintiffs from orders entered 4 August 1999 and 25 August 1999 by Judge Narley L. Cashwell in Cumberland County Superior Court. Heard in the Court of Appeals 13 February 2001.

*Poling & Casey, by Richard D. Poling and Deborah G. Casey, for plaintiff appellants.*

*Yates, McLamb & Weyher, L.L.P., by Renee B. Crawford, for Michel C. Pare, M.D., and Carolina Neurosurgical Services, P.C., defendant appellees; and Walker, Clark, Allen, Herrin & Morano, L.L.P., by Gay Parker Stanley, for Thomas J. Meakem, M.D., Leroy Roberts, Jr., M.D.; and Carolina Regional Radiology, P.A., defendant appellees.*

*Twiggs, Abrams, Strickland & Trehy, P.A., by Karen M. Rabenau and Donald H. Beskind, amicus curiae for North Carolina Academy of Trial Lawyers.*

McCULLOUGH, Judge.

Plaintiff Herman Stewart was injured in an automobile accident in Robeson County, North Carolina, on 14 January 1995. He was taken from the scene of the accident to Southeastern Regional Medical Center in Robeson County, where he was evaluated by defendant Robert A. Barefoot, Jr., M.D., an emergency room physician, for a closed head injury. Mr. Stewart was subsequently transferred to Cape Fear Valley Hospital in Cumberland County, where he received medical treatment from various physicians, including defendants Thomas J. Meakem, M.D., Leroy Roberts, Jr., M.D., and Michel C. Pare, M.D. Mr. Stewart remained hospitalized at Cape Fear Valley Hospital until 4 June 1995, when he was transferred to a hospital near his home in New York State.

In January 1998, plaintiffs filed a motion in Robeson County Superior Court pursuant to N.C. Gen. Stat. § 1A-1, Rule 9(j), seeking a 120-day extension of the applicable statute of limitations. The motion named numerous potential defendants located in both Robeson and Cumberland Counties, including defendants Dr. Pare, Carolina Neurosurgical Services, P.C., Dr. Meakem, Dr. Roberts, and Carolina Regional Radiology, P.A., all of whom were located in Cumberland County. The motion for extension of the applicable statute of limitations to 14 May 1998 was allowed by a resident superior court judge in Robeson County.

On 11 May 1998, plaintiffs filed their complaint in Robeson County Superior Court, alleging that defendants failed to properly assess and treat Mr. Stewart's spinal cord injuries, resulting in permanent physical disabilities and other injuries. The Cumberland County defendants (Dr. Pare, Dr. Meakem, Dr. Roberts, Carolina Neurosurgical Services, P.C., and Carolina Regional Radiology, P.A.) filed answers alleging, among other things, that plaintiffs' action was time-barred as to them and subject to dismissal. Upon a motion filed by defendant Cape Fear Valley Medical Center, the case was later transferred to Cumberland County Superior Court. Over thirteen months after the complaint was filed, the Cumberland County defendants filed motions to dismiss the action, contending that plaintiffs had failed to comply with N.C.R. Civ. P. 9(j) in obtaining an extension of

the statute of limitations. The motions to dismiss were allowed by the trial court, and plaintiffs appealed.

**[1]** Plaintiffs argue that the trial court erred in dismissing their complaint with prejudice for their alleged failure to comply with N.C.R. Civ. P. 9(j). We agree, and reverse the orders of dismissal.

The motions to dismiss filed by the Cumberland County defendants were based on the alleged failure of plaintiffs to comply with N.C.R. Civ. P. 9(j), which concerns, in part, extensions of the applicable statute of limitations in medical malpractice actions. N.C. Gen. Stat. § 1A-1, Rule 9(j) (1999). Rule 9(j) provides in relevant part:

> Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court of the county in which the cause of action arose may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

*Id.* Defendants argue that the extension obtained by plaintiffs in Robeson County was ineffective to extend the statute of limitations as to them, because any cause of action as to them arose in Cumberland County. Therefore, they argue, plaintiffs should have obtained the extension from a superior court resident judge in Cumberland County. Defendants further contend that Rule 9(j) effectively changes venue rules, so that "the only proper venue in a medical malpractice case is the county in which the cause of action arose."

Plaintiffs respond that: (1) the cause of action arose in Robeson County and was thus properly filed there; (2) defendants failed to properly raise the Rule 9(j) defense in a timely manner; (3) defendants' reading of Rule 9(j) would substantially prejudice plaintiffs, while denying the motions to dismiss would cause no undue prejudice to defendants; (4) defendants' reading of Rule 9(j) would undermine the legislative intent behind the statute, which requires a liberal construction of pleadings in favor of the pleader, with a view toward effecting substantial justice; and (5) defendants' motions should be barred under principles of equitable estoppel and laches.

We note initially that it was not improper for plaintiffs to join defendants as named defendants in this action. *See, e.g., Godfrey v.*

*Power Co.*, 223 N.C. 647, 649, 27 S.E.2d 736, 737 (1943) ("where the negligent acts of two or more persons concur in producing a single injury, with or without concert among them, the general rule is that they may be treated as joint tort-feasors and sued separately or together at the election of the injured party"); *Ipock v. Gilmore*, 73 N.C. App. 182, 186, 326 S.E.2d 271, 275, *disc. reviews denied*, 314 N.C. 116, 332 S.E.2d 481 (1985) (joint tortfeasors may act " 'independently and without concert of action or unity of purpose' " if their individual acts " 'concur as to time and place and unite in proximately causing the injury[,]' " *id.* (quoting *Simpson v. Plyler*, 258 N.C. 390, 393, 128 S.E.2d 843, 845 (1963)); the question is whether the injury is indivisible, rendering "apportionment of damages among the individual tort-feasors impossible[,]" *Ipock*, 73 N.C. App. at 186, 326 S.E.2d at 275; *Warren v. Colombo*, 93 N.C. App. 92, 100, 377 S.E.2d 249, 254 (1989) (when two or more proximate causes join to produce the result complained of, defendants are jointly liable as tortfeasors).

N.C. Gen. Stat. §§ 1-76 through 1-81 concern the proper venue for certain types of actions. In cases involving a county hospital, the action "must be tried in the county where the cause, or some part thereof, arose . . . ." N.C. Gen. Stat. § 1-77 (1999); *Coats v. Hospital*, 264 N.C. 332, 334, 141 S.E.2d 490, 492 (1965). Nonetheless, the trial court may, in its discretion, move the action to another county "for the convenience of witnesses and the promotion of the ends of justice." *King v. Buck, Adjutant General*, 21 N.C. App. 221, 222, 203 S.E.2d 643, 644 (1974); *see* N.C. Gen. Stat. § 1-77. Where a domestic private hospital corporation is sued, N.C. Gen. Stat. § 1-79 dictates the county of residence of the corporation for venue purposes. N.C. Gen. Stat. § 1-79 (1999). For all causes of action not specifically addressed in Article 7, N.C. Gen. Stat. § 1-82 provides that such actions must be tried

> in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute . . . .

N.C. Gen. Stat. § 1-82 (1999). Thus, in a civil action in this state where venue is not specifically designated by N.C. Gen. Stat. §§ 1-76 through 1-81, where the plaintiff is a nonresident and the defendants are

residents, the proper venue for the action pursuant to N.C. Gen. Stat. § 1-82 is any county in which defendants reside at the commencement of the action. *See, e.g., Chow v. Crowell*, 15 N.C. App. 733, 735, 190 S.E.2d 647, 649 (1972).

Plaintiffs named seventeen separate defendants in their complaint, of which seven (including, among others, Southeastern Regional Medical Center, Dr. Robert A. Barefoot, Jr., Dr. Sunil Sharma, and Emergency Physician Associates, Inc.) were alleged by plaintiff to either be practicing principally or otherwise be situated in Robeson County. The complaint stated that the alleged negligence took place in Robeson and Cumberland Counties. The complaint further alleged that defendants were negligent in their treatment and care of Mr. Stewart, and that their combined and individual negligence directly and proximately resulted in temporary and permanent injuries to Mr. Stewart. The complaint did not attempt to apportion and attribute Mr. Stewart's injuries and damages to individual defendants. While the action was later transferred to Cumberland County Superior Court, it was not improper for plaintiffs to file the original complaint in Robeson County.

[2] Having determined that the complaint properly joined all defendants and was properly filed in Robeson County, we now turn to the question of whether the Rule 9(j) extension was correctly obtained in Robeson County, or whether, as defendants contend, the extension must have been obtained in Cumberland County in order to be effective as against the Cumberland County defendants. As noted above, Rule 9(j) provides that the applicable statute of limitations may be extended by "a resident judge of the superior court of the county in which the cause of action arose." Our Supreme Court has held that, generally, a cause of action accrues "when the first injury [is] sustained." *Mast v. Sapp*, 140 N.C. 533, 537, 53 S.E. 350, 351 (1906). "When the right of [a] party is once violated, even in ever so small a degree, the injury . . . at once springs into existence and the cause of action is complete." *Id.* at 540, 53 S.E. at 352; *see also Matthieu v. Gas Co.*, 269 N.C. 212, 215, 152 S.E.2d 336, 339 (1967) (the cause of action accrues at the time damages are first sustained).

As previously noted, the complaint alleges that "[a]ll acts of the Defendants complained of herein occurred in Robeson County and Cumberland County, North Carolina." It is undisputed that Mr. Stewart was first subjected to medical treatment in Robeson County by defendants residing in Robeson County, and that Mr. Stewart was subsequently transferred to a hospital in Cumberland County

for further treatment. Therefore, plaintiffs' cause of action as against the Robeson County defendants, and therefore their cause of action as against *all* defendants named in this unified action, clearly *first* arose in Robeson County. *See Mast,* 140 N.C. at 537, 53 S.E. at 351; and *Matthieu,* 269 N.C. at 215, 152 S.E.2d at 339. It is just as clear, and defendants do not contest, that the Rule 9(j) extension obtained in Robeson County was effective as to the Robeson County defendants.

Defendants would nonetheless require that plaintiffs obtain a separate Rule 9(j) extension in each county in which any named defendant is alleged to have committed negligence giving rise to a cause of action and would require that plaintiffs file separate actions in each such county. We decline to adopt such a strict construction of Rule 9(j) and hold that where there are multiple defendants, a single motion filed in the county where the cause of action first arose will be effective to extend the statute of limitations against all defendants ultimately named in the action.

Rule 9(j) was "intended, in part, to protect defendants from having to defend frivolous medical malpractice actions" by requiring that a qualified medical expert review a potential plaintiff's complaint. *Webb v. Nash Hosp., Inc.,* 133 N.C. App. 636, 639, 516 S.E.2d 191, 194, *disc. reviews denied,* 351 N.C. 122, 541 S.E.2d 471 (1999). In order to comply with Rule 9(j), the collateral extension provision grants plaintiffs additional filing time to gather the medical expertise that they need to support legitimate claims. Thus the rule was intended both to protect defendants from frivolous suits as well as to protect plaintiffs with meritorious cases from losing their rights. *See id.* Keeping in mind the general policy of liberality in construing our rules of civil procedure, as well as the legislative intent behind Rule 9(j), we now review the 13 January 1998 extension motion and order issued in Robeson County to determine whether it was effective as to defendants in Cumberland County.

The Rule 9(j) extension in the instant case was properly obtained in Robeson County at least insofar as it applied to the Robeson County defendants. Furthermore, the appellees were properly joined in the action as additional defendants inasmuch as they were alleged to be joint tortfeasors with the Robeson County defendants causing a single, indivisible injury to plaintiff. The motion filed by plaintiffs requesting the Rule 9(j) extension, and the order entered by the resident superior court judge in Robeson County granting the same,

named both the Robeson County and the Cumberland County defendants. An order is binding upon all parties named therein and is valid if issued by a court with jurisdiction. *Manufacturing Co. v. Union*, 20 N.C. App. 544, 549, 202 S.E.2d 309, 313, *cert. denied*, 285 N.C. 234, 204 S.E.2d 24 (1974); *Graham v. Graham*, 77 N.C. App. 422, 424, 335 S.E.2d 210, 212 (1985).

As the Robeson County Superior Court had jurisdiction, the extension order was valid and therefore effective as to all of the joined defendants, including the Cumberland County defendants. Upon the transfer of the action (at defendants' request) to Cumberland County, the superior court therein was obligated to give the Rule 9(j) extension full effect as to all named parties, absent a showing by defendants of changed circumstances warranting a modification of the order to effect justice or equity. The Cumberland County Superior Court's refusal to recognize the validity of the Rule 9(j) extension granted by the Robeson County Superior Court violated the well-established principle of law in North Carolina that, because no appeal lies from one superior court judge to another, one superior court judge may not correct errors of law committed by another. *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987).

**[3]** We further note that in *Timour v. Pitt County Memorial Hospital*, 131 N.C. App. 548, 550, 508 S.E.2d 329, 330 (1998), we held that the order granting a Rule 9(j) time extension was not required to be served on the other party because a complaint had not yet been filed. *See also Webb*, 133 N.C. App. at 639, 516 S.E.2d at 193-94 (rejecting defendants' argument that their due process rights were violated by plaintiff's failure to name them in the Rule 9(j) extension). Accordingly, parties seeking a Rule 9(j) extension must neither name nor serve notice upon potential defendants. Defendants' interpretation of Rule 9(j) would nevertheless require the absurd result of forcing plaintiffs to seek an extension in every county where every potential defendant is located, regardless of whether or not those defendants are ultimately included in the eventual complaint. Public policy considerations require us to reject defendants' position and the undue burden upon state judicial resources that separate extensions in multiple counties would entail.

Finally, we note that defendants have failed to show how, if at all, they would be prejudiced by an interpretation of Rule 9(j) requiring a single, rather than multiple, extensions.

STEWART v. SOUTHEASTERN REG'L MED. CTR.

[142 N.C. App. 456 (2001)]

We hold that the Rule 9(j) extension entered in Robeson County was effective as against all defendants therein named. The orders of the trial court entered on 4 August 1999 granting defendants' motions to dismiss are vacated, and we remand to the trial court for further proceedings.

Vacated and remanded.

Judge HUDSON concurs.

Judge GREENE concurs with separate opinion.

GREENE, Judge, concurring.

I write separately to state in somewhat different language this Court's answer to the issue raised in this case: Does a resident superior court judge have the authority to grant a Rule 9(j) statute of limitations extension affecting all defendants in a case, even though some of the acts giving rise to the plaintiff's claim arose outside the superior court judge's county of residence.

Rule 9(j) of the North Carolina Rules of Civil Procedure provides that "a resident judge of the superior court of *the* county in which *the* [medical malpractice] cause of action arose may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint." N.C.G.S. § 1A-1, Rule 9(j) (1999) (emphases added). A cause of action arises in the county where the acts or omissions that constitute the basis of the cause of action occurred. *Pitts Fire Safety Service, Inc. v. City of Greensboro*, 42 N.C. App. 79, 81, 255 S.E.2d 615, 616 (1979). As there can be multiple acts or omissions constituting the basis of a single cause of action, *see* 1 Am. Jur. 2d *Actions* § 83 (1994), a cause of action may arise in multiple counties. It thus follows a Rule 9(j) statute of limitations extension can be issued in any county where the acts or omissions constituting the basis of a plaintiff's claim occurred and is valid in any such county as to all defendants named in the plaintiff's complaint. *See* N.C.G.S. § 1A-1, Rule 9(j) (extension granted as to cause of action rather than as to claims against individual parties); *Webb v. Nash Hosp., Inc.*, 133 N.C. App. 636, 639-40, 516 S.E.2d 191, 193-94 (extension applies to all the defendants named in the plaintiff's complaint regardless of whether those defendants were named in extension order), *disc. review denied*, 351 N.C. 122, —— S.E.2d —— (1999).

In this case, there is no dispute that the acts and omissions constituting the basis of plaintiff's malpractice claim arose in Robeson and Cumberland Counties. Thus, a resident superior court judge in either Robeson County or Cumberland County had authority, under Rule 9(j), to order an extension of the statute of limitations as to all defendants who are alleged to have contributed to plaintiff's injuries. Judge Floyd, a resident superior court judge in Robeson County, therefore, had authority to order an extension of the statute of limitation and this extension is valid and binding on all defendants. It thus follows Judge Cashwell's order dismissing plaintiff's claims against certain defendants (whose alleged negligent acts occurred in Cumberland County) must be reversed.