**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6527**

TIMOTHY HINES,

             Plaintiff - Appellant,

      v.

CORRECT CARE SOLUTIONS, LLC; BRANDI BURNETTE; JAMES PENCE,

             Defendants - Appellees,

      and

EDWARD J. MCMAHON, individually and in his official capacity as sheriff of New Hanover County, North Carolina; CAPTAIN MARTY ADAMS, individually and in his official capacity as Captain and Detention Division Commander, New Hanover County Sheriff's Department; NEW HANOVER COUNTY, NORTH CAROLINA; GEORGE BENYA, individually and in his official capacity as Deputy United States Marshal; UNITED STATES OF AMERICA,

             Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (7:10-cv-00250-BO)

Submitted: October 15, 2014          Decided: March 17, 2015

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith L. Edmiston, GRIBBLE CARPENTER & ASSOCIATES, Maryville, Tennessee, for Appellant. Jennifer B. Milak, TEAGUE CAMPBELL DENNIS & GORHAM, LLP, Raleigh, North Carolina, for Appellees.

--------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Hines, a federal inmate in the New Hanover County Detention Center in North Carolina, commenced this action against Correct Care Solutions, LLC, and two of its employees for medical malpractice under North Carolina law.[*] He alleged that Dr. James Pence, the Medical Director at the Detention Center, and Brandi Burnette, the Clinical Director, failed to ensure that he receive his anti-rejection medication with sufficient regularity to prevent his body from rejecting a kidney transplant that he had received before his detention. As a result, he alleged, he was forced to resume dialysis treatments. He asserted that the defendants "breached the accepted standard of care for members of their profession with similar skill and training in Wilmington, North Carolina or similar communities" and demanded $3 million in compensatory damages and $3 million in punitive damages, as well as other related relief.

The defendants filed a motion to dismiss, arguing that Hines failed to allege elements required by North Carolina law when bringing a medical malpractice claim. In particular, they claim that Hines failed to satisfy North Carolina Rule of Civil

_____

[*] As Hines also asserted claims arising under federal law, the district court exercised supplemental jurisdiction over his state-law medical malpractice claim under 28 U.S.C. § 1367.

3

Procedure 9(j), which imposes a heightened pleading requirement.

Rule 9(j) provides:

> Any complaint alleging medical malpractice by a health care provider . . . in failing to comply with the applicable standard of care . . . <u>shall be dismissed unless</u> . . . [t]he pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care . . . .

N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (emphasis added). The North Carolina Supreme Court has made clear that the reference in Rule 9(j) to "Rule 702 of the Rules of Evidence" is to <u>North Carolina</u> Rule of Evidence 702, not <u>Federal</u> Rule of Evidence 702. <u>See, e.g.</u>, <u>Moore v. Proper</u>, 726 S.E.2d 812, 816 (N.C. 2012).

In response to the defendants' motion, Hines contended that Rule 9(j) did not "specifically refer to the North Carolina version of Rule 702, but instead merely refer[red] to 'Rule 702 of the Rules of Evidence'" and thus that the Rule, "on its face, [did] not require specification to" the North Carolina Rule. He further argued that his complaint satisfied "the purpose and literal requirements" of Rule 9(j). Hines acknowledged that there was a dispute as to whether his expert's qualifications complied with North Carolina Rule of Evidence 702 because it could be argued that his expert had not spent a <u>majority</u> of his

4

time within the past year in <u>active clinical practice</u>, as required by the Rule. He argued, nonetheless, that there was no dispute that his expert would qualify under Federal Rule of Evidence 702.

The district court granted the defendants' motion to dismiss, concluding that because the complaint did not meet Rule 9(j)'s requirements, it was "both facially and substantively deficient" and that therefore it had to be dismissed.

On appeal, Hines no longer argues, as he did in the district court, that Rule 9(j) contemplates compliance with Federal Rule 702. Instead, he argues that the complaint's reference to Federal Rule 702 was "clearly inadvertent" and that the district court should have granted him leave to amend the complaint because the error "did not cause any prejudice and did not destroy the principal purpose of Rule 9(j)." He also argues that his expert's time spent <u>supervising</u> physicians, physicians' assistants, and nurses "is in fact clinical practice," which, when counted, would bring his total time in active clinical practice in compliance with the qualifications requirement of North Carolina Rule of Evidence 702. We reject both arguments.

First, Hines' argument that his complaint's reference to Federal Rule 702 was "clearly inadvertent" must be rejected. In his response to the defendants' motion in the district court

5

that the malpractice claim should be dismissed because of the complaint's reference to Federal Rule 702, Hines did not claim that the reference was inadvertent. Instead, he maintained that "the text of Rule 9(j) [did] not specifically refer to North Carolina version of Rule 702, but instead merely refer[red] to Rule 702 of the Rules of Evidence. Thus, on its face it did not require a specification to the North Carolina version of Rule 702." It is apparent that to accept Hines' inadvertence argument now would prejudice the defendants, in that Hines would be allowed to argue for a more lenient pleading standard in the district court and then, upon failing, to claim disingenuously that his allegations were merely inadvertent and seek leave to amend. We cannot accept this type of gamesmanship as a legitimate argument.

Moreover, Hines is wrong to suggest that his expert satisfies the requirement of North Carolina Rule of Evidence 702 that he have spent "a majority of his . . . professional time" in the year preceding the alleged medical malpractice in "active clinical practice" in the same health profession as the party against whom the testimony will be offered. See N.C. R. Evid. 702(b)(2). Hines' complaint did not adequately allege that his expert spent "a majority" of his time in "active clinical practice," maintaining only that the "majority" requirement was satisfied by including the time his expert spent

supervising physicians' assistants and nurse practitioners. But, under North Carolina law, supervising others is not considered to be "active clinical practice." See FormyDuval v. Bunn, 530 S.E.2d 96, 103 (N.C. Ct. App. 2000) (defining "[c]linical" in the context of Rule 702 to mean "based on or pertaining to actual experience in the observation and treatment of patients" (emphasis added)). Hines' failure to comply with the requirements of Rule 702 -- and thus Rule 9(j) -- in his medical malpractice claim is a complete barrier to recovery in North Carolina. See Barringer v. Forsyth Cnty. Wake Forest Univ. Baptist Med. Ctr., 677 S.E.2d 465, 477 (N.C. Ct. App. 2009) (stating that Rule 9(j) "unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements").

Finally, the requirements of North Carolina Rule 9(j) and North Carolina Rule of Evidence 702 are not a trivial deviation from the requirements of Federal Rule of Evidence 702. The North Carolina General Assembly specifically enacted Rule 9(j) with its reliance on North Carolina Rule 702 "in part, to protect defendants from having to defend frivolous medical malpractice actions by ensuring that before a complaint for medical malpractice is filed, a competent medical professional has reviewed the conduct of the defendants and concluded that

7

the conduct did not meet the applicable standard of care." Estate of Waters v. Jarman, 547 S.E.2d 142, 144 (N.C. Ct. App. 2001) (quoting Webb v. Nash Hosps., Inc., 516 S.E.2d 191, 194 (N.C. Ct. App. 1999)).

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED